■ MARY DI SALVO et al., Respondents, v. ANGELA BARTOLONE et al., Appellants. (Action No. 1.) ANNA DI SALVO et al., Respondents, v. ANGELA BARTOLONE et al., Appellants. (Action No. 2.) — Two judgments of the Supreme Court, Orange County, each entered May 26, 1966, affirmed insofar as appealed from, with costs to respondents in each action (cf. *Maryinuk* v. *Pendell*, 27 A D 2d 694). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ TAMARA FEURSTEIN et al., Respondents, v. JOSEPH McLAUGHLIN et al., Appellants.— Order of the Supreme Court, Westchester County, dated February 18, 1966, modified, on the law and the facts: (1) by striking out the provisions adjudging that the verdict against plaintiff Seymour Feurstein is contrary to and against the weight of the evidence, setting it aside and granting a new trial to him; (2) by providing, in lieu thereof, that the motion to set aside the verdict as to him is denied; and (3) by adding to the provisions setting aside, as inadequate, the verdict as to Tamara Feurstein and remitting the action as to her for a new trial the following condition: " unless defendants stipulate within 20 days to increase the amount of her verdict from $350 to $2000," in which event the motion to set aside the verdict as to her is denied. As so modified, order affirmed, without costs. Findings of fact contained or implicit in the trial court's opinion inconsistent herewith are reversed and new findings are made as indicated herein. As to Seymour Feurstein, the verdict was not against the weight of the evidence and the jury's finding that he was contributorily negligent is not incorrect as a matter of law. As to Tamara Feurstein, the verdict was inadequate to the extent indicated herein. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ FIDELITY GENERAL INSURANCE COMPANY, Respondent, v. AETNA INSURANCE COMPANY, Appellant.— Judgment of the Supreme Court, Nassau County, entered March 18, 1966, affirmed, with costs. In our opinion, under the circumstances of this case, there were reasonable grounds for appeal, thereby initially obligating defendant, under its covenant to defend, to prosecute an appeal on the insured's behalf (*Kaste* v. *Hartford Acc. & Ind. Co.*, 5 A D 2d 203). Moreover, the excess insurance policy issued by plaintiff did not contain any covenant to defend and we do not construe the clause under " conditions " as incorporating such covenant. In any event, even if the clause is susceptible of such construction, it is our opinion that the ensuing liability, from the very nature of the excess policy, is secondary and not equal to defendant's primary obligation to defend and appeal. Accordingly, plaintiff, as excess insurer, in discharging defendant's obligation, was entitled to be reimbursed for the reasonable expenses thereof as equitable subrogee to the rights of the insured (see, e.g., *Fidelity & Cas. Co.* v. *Secured Cas. Co.*, 180 N. E. 2d 297 [Ohio] ; *Standard Sur. & Cas. Co.* v *Metropolitan Cas. Co.*, 67 N. E. 2d 634 [Ohio App.]; *Fireman's Fund Ind. Co.* v. *Freeport Ins. Co.*, 30 Ill. App. 2d 69; *American Sur. Co.* v. *Canal Ins. Co.*, 258 F. 2d 934). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.