541 So.2d 139 (1989)
AETNA INSURANCE COMPANY, Appellant,
v.
BORRELL-BIGBY ELECTRIC CO., INC., a Florida Corporation, and Holland-America Insurance Company, a Foreign Corporation, Appellees.
No. 88-1042.
District Court of Appeal of Florida, Second District.
March 29, 1989.
John A. Curtiss of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
*140 Charles P. Schropp of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees.
PATTERSON, Judge.
This case presents an issue of first impression in the state: whether an insurer's duty to defend its insured includes the duty to appeal an adverse judgment where good faith grounds exist to do so. We find that it does.
Appellee Borrell-Bigby Electric Co. designed and installed a fire alarm system in a storage warehouse which later burned to the ground. United Nations, Inc. brought suit against Borrell-Bigby and the owner of the warehouse for the value of stored personal property destroyed in the fire. Aetna was the primary insurance carrier for both defendants and was itself a named defendant in the action.
The United Nations case, which Aetna defended, culminated in a $100,000 judgment representing the policy limits of Aetna's coverage entered jointly and severally against Aetna and Borrell-Bigby, with an additional $24,722.10 judgment against Borrell-Bigby alone. Although Aetna's counsel recommended that an appeal be taken and Borrell-Bigby demanded an appeal, Aetna declined. The insurer interpleaded its policy limits into the court registry, refused to appeal, and refused to defend Borrell-Bigby against other claims arising from the fire.
Borrell-Bigby appealed the United Nations judgment through counsel provided by its excess carrier, Holland America. While the appeal was pending Borrell-Bigby and Holland-America brought the declaratory relief action which is the subject of this opinion. The action sought a judgment declaring that Aetna was obligated to appeal the United Nations judgment and to defend against the other claims, and sought damages for Aetna's refusal to do so.
This court reversed the United Nations judgment, holding that the trial court erred in failing to direct a verdict in favor of Borrell-Bigby. Borrell-Bigby Electric Company, Inc. vs. United Nations, Inc., 385 So.2d 713 (Fla. 2d DCA 1980). The trial court in this case then granted summary judgment in favor of the plaintiffs on the issue of Aetna's liability.
At the trial on damages, Plaintiffs introduced evidence of the amounts they were billed for attorneys' fees and costs in the United Nations appeal and in the other actions. They also introduced attorneys' time records and the opinion of an expert witness as to a reasonable fee for the prosecution of this action. Aetna offered no witnesses and no exhibits. Following the trial the lower court entered a final judgment awarding Plaintiffs the full amount of damages claimed.
Aetna timely appealed, presenting three issues for review. It contends the trial court erred in finding it had a duty to appeal the United Nations judgment, in awarding attorney fees for this action, and in finding that plaintiffs offered sufficient proof of damages.
Aetna's standard comprehensive general liability policy, which Borrell-Bigby had purchased, provides that Aetna shall defend its insured until the applicable policy limits have been paid. It states:
The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of Coverage A. bodily injury or Coverage B. property damage to which this insurance applies, caused by an occurrence, and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.
Aetna urges that pursuant to the terms of the policy, its duty to defend ceased when it paid the policy limits into the court registry *141 and that it had no duty to appeal. We disagree.
Florida recognizes that the duty to defend an insured is broader than the duty to indemnify. Baron Oil Co. v. Nationwide Mutual Fire Ins. Co., 470 So.2d 810 (Fla. 1st DCA 1985). We find this duty precludes an insurer from interpleading its policy limits and walking away from the defense of its insured, at either the trial or appellate level. See Iacobelli Construction Company v. Western Casualty & Surety Co., 130 Mich. App. 255, 343 N.W.2d 517 (1983); Palmer v. Pacific Indemnity Company, 74 Mich. App. 259, 254 N.W.2d 52 (1977). Where good faith grounds exist, the insurer is obligated to appeal from an adverse judgment. Fidelity General Insurance Company v. Aetna Insurance Company, 27 A.D.2d 932, 278 N.Y.S.2d 787 (1967). In this case Aetna acted based on its own best interests, disregarding the advice of its own counsel and the interests of its insured.
This is not to say that the policy provision offers no protection to the insurer. As to actions instituted after its policy limits have been exhausted through payment of a valid judgment or settlement it may decline to defend. However, the insurer cannot truncate its defense obligations by leaping to pay a questionable judgment or claim, as Aetna attempted to do here; it must first in good faith establish the validity of such a judgment before paying out its limits and ceasing to defend.
Aetna next contends that the trial court erred in granting attorney fees for the successful prosecution of this declaratory relief action. However, the cases upon which Aetna relies do not involve indemnification suits between an insured and its own insurer. The trial court correctly found that section 627.428, Florida Statutes, controls this case. It provides:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
§ 627.428, Fla. Stat. (1987). The award of attorney fees is therefore proper.
Aetna's next argument, that Borrell-Bigby incurred no attorney fees because the action was prosecuted by its excess insurer, is without merit. For the purposes of fee awards under section 627.428, an excess carrier assumes the rights and obligations of the insured vis-a-vis the primary carrier. Ranger Insurance Company vs. Travelers Indemnity Co., 389 So.2d 272 (Fla. 1st DCA 1980). When an excess carrier obtains a judgment against the primary carrier for failure to honor the terms of its insurance contract the excess carrier is entitled to an attorney fee award. F. & R. Builders, Inc. vs. United States Fidelity and Guaranty Co., 490 So.2d 1022 (Fla. 3d DCA 1986).
Aetna's final argument is that the plaintiffs failed to show sufficient proof of damages because the record demonstrates that the bills were paid by a firm known as Sayre & Toso. Therefore, according to Aetna, neither Borrell-Bigby nor Holland-America paid attorney fees. The record belies this assertion; it shows Sayre & Toso was a billing agent acting on behalf of Holland-America.
In summary, we hold that an insurer cannot truncate its duty to defend by interpleading its policy limits. It must continue its defense until the policy limits have been expended in satisfaction of a valid judgment or settlement, and must test the validity of judgments, by appeal, if good faith grounds exist for doing so. Where an excess carrier successfully maintains an action for indemnification based on the primary carrier's wrongful refusal to defend, the excess carrier is entitled to a reasonable attorney fee.
Affirmed.
*142 CAMPBELL, C.J., concurs.
ALTENBERND, J., concurs with opinion.
ALTENBERND, Judge, specially concurring.
While I wholeheartedly concur in the result reached in this case, I would take a narrower path. I would simply hold that Aetna's policy was not exhausted by payment of a judgment and that it had a continuing duty to defend.
At the time of this occurrence, Borrell-Bigby had a primary policy of comprehensive general liability insurance with Aetna, which had property damage limits of liability of $100,000. The insuring agreement contains standard language which eliminates the obligation to defend "after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."
In excess of the Aetna policy, Borrell-Bigby had purchased umbrella liability insurance with Holland America Insurance Company, with limits of liability of $5,000,000. The Holland America policy schedules the Aetna policy as one of the underlying insurances. This umbrella policy contains a condition which states:
I. Appeals  In the event the Assured or the Assured's underlying insurers elect not to appeal a judgment in excess of the underlying limits, Underwriters may elect to make such appeal at their own cost and expense... .
The lower court in this case granted summary judgment based upon a breach of the contractual duty to defend. This is not a case awarding extracontractual damages for bad faith. There are no findings of fact that Aetna acted in bad faith concerning the defense of the underlying lawsuit.
The duty to defend is a contractual duty. In the absence of statutory regulation, the duty should be established by a fair reading of the contractual language. The language in Aetna's insurance policy allowing it to withdraw from the insured's defense after exhaustion of the policy limits by payment of judgments or settlements has been enforced by other courts as plain and unambiguous language of the insurance policy. Zurich Ins. Co. v. Raymark Industries, Inc., 118 Ill.2d 23, 112 Ill.Dec. 684, 514 N.E.2d 150 (1987). This language has and should be strictly construed in favor of the insured. Conway v. Country Casualty Ins. Co., 92 Ill.2d 388, 65 Ill.Dec. 934, 442 N.E.2d 245 (1982); Anderson v. U.S. Fidelity & Guar. Co., 177 Ga. App. 520, 339 S.E.2d 660 (1986); Samply v. Integrity Ins. Co., 476 So.2d 79 (Ala. 1985); Appleman, Insurance Law in Practice (Berdal ed.), § 4682. See Davis v. Travelers Indemnity Co., 800 F.2d 1050 (11th Cir.1986);
In this case, Aetna does not argue that it exhausted its policy by a settlement. Its payment into the registry of the courts, however, was a payment of a then existing judgment against itself and its insured.
The policy contains no definition of "judgment." I would simply hold that an insurance policy is not "exhausted" by payment of a judgment against an insured if that judgment is ultimately vacated on appeal. When a primary carrier voluntarily pays a judgment prior to appeal, it does so at its own risk. If the judgment against the insured is reversed, the insurance company's voluntary payment does not act to exhaust the insurance policy and does not relieve it of its obligation to pay for the defense.
I do not believe this case requires us to consider any additional issues. At least by dicta, this court's decision suggests that a primary carrier can never terminate its defense, at either the trial or appellate level, by interpleading its policy limits to pay a judgment. I do not agree with that rule. Likewise, this court's opinion suggests that a primary carrier must always pay for a "good faith" appeal. Especially in light of the language in Holland America's insurance policy, I am not prepared to adopt such a broad rule in this case. Finally, by stating that an insurance carrier may properly decline to defend new lawsuits filed after exhaustion of policy limits, this court implies that the insurer must continue to defend all pending lawsuits when its aggregate limits of liability are exhausted. This *143 court does not need to address that difficult issue today. See Zurich.