682 So.2d 161 (1996)
MIAMI BEACH ENTERTAINMENT, INC., d/b/a Club One, and Telly Lockette, Appellants,
v.
FIRST OAK BROOK CORPORATION SYNDICATE, Appellee.
No. 95-3482.
District Court of Appeal of Florida, Third District.
August 21, 1996.
Rehearing Denied November 20, 1996.
Maland & Ross, Robert Maland, Lauri Ross, and Dorothy F. Easley; Terminello & Terminello, Miami, for appellant Telly Lockette.
Santos & Dutton, P.A., and Daniel J. Lynott, Tampa, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
A night club and its injured patron appeal from an order of final summary judgment determining no coverage and no duty to defend under the club's insurance policy. We affirm.
Telly Lockette was a customer in Club One, a bar that was licensed for a maximum occupancy of 500 persons. On the Sunday night that he was there, approximately 1,500 peoplethree times the maximum allowed by lawwere in the club. A fight broke out fifteen to twenty feet from Lockette's table. Lockette did not know any of the ten or *162 fifteen people involved in the brawl, and he himself was not involved. He was seated in the middle of the room on the second floor when people involved in the fight started throwing glass bottles and ashtrays. Lockette had his back turned away from the fight when he was hit in the head with a champagne bottle that had been thrown by one of the unknown brawlers. He sustained serious head injuries which forced him to abandon his college education and a promising future in football.
Lockette sued Club One for negligence, alleging that his injuries resulted from the club's failure to prevent overcrowding; its failure to exercise adequate crowd control; its failure to provide adequate security; and its failure to maintain the premises in a safe manner.
The insurer filed an action for declaratory relief, invoking a policy clause that excluded coverage for assault, battery, or "harmful or offensive contact between two or more persons." The policy excluded coverage for such acts
[r]egardless of degree of culpability or intent and without regard to ... the alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar, or halt any such conduct.[1]
The insurer moved for summary judgment based on the policy's assault and battery exclusion, relying on the plain language of the exclusion for harmful or offensive conduct. Lockette moved for summary judgment asserting that coverage lay based upon the liquor liability provision and that the incident that gave rise to the injuries did not fall within the assault and battery exclusion. The trial court granted the insurer's motion for summary judgment. We hold that under the specific terms of the assault and battery exclusion, the trial court correctly found that coverage did not lie, as the conduct that was alleged was such an excluded "harmful and offensive contact." Although the complaint was couched in terms of the bar owner's negligence in failing to keep control over its patrons, for purposes of determining insurance coverage, the injuries arose from the assault and battery. See Britamco Underwriter's, Inc. v. Zuma Corp., 576 So.2d 965 (Fla. 5th DCA 1991)(bar whose customer recovered judgment against bar owner for negligence was not entitled to coverage by insurer when customer's claim arose from assault and battery, and policy excluded coverage for assault and battery). Cf. Marr Invs. v. Greco, 621 So.2d 447, 449 (insurer should not be required to defend action for insured where plaintiff's complaint is couched in terms of negligence solely to reach insurance proceeds, where policy contained clear exclusion for assault and battery). See also Britamco Underwriters, Inc. v. O'Hagan, 1994 WL 477551 (E.D.Pa. Sept.2, 1994), aff'd without opinion, 60 F.3d 814 (3d Cir.1995)(where bar's insurance policy precluded coverage for injuries arising from "harmful or offensive contact between two or more persons," regardless of culpability or intent or the alleged negligence of the insured in preventing such incident, no coverage for bar patron injured by beer bottle thrown by other patron).
Moreover, in this case, as in Britamco, the language of the policy exclusion was specifically tailored to preclude claims of negligence for premises liabilitythe very claims that Lockette asserted in his complaint.
Although we conclude that the trial court properly ruled that Club One was not insured for Lockette's injuries under the terms of its policy, our holding today is not dispositive of the issue of causation in Lockette's action against Club One for negligence.
AFFIRMED.
NOTES
[1] The policy also included dram shop and liquor liability coverage for bodily injury "for which the insured may be held liable by reason of causing or contributing to the intoxication of any person." However, the person who threw the bottle that hit Lockette was never identified; the record is therefore devoid of any evidence that the assault was the result of the unidentified assailant's intoxication.