721 So.2d 402 (1998)
PERRINE FOOD RETAILERS, INC., Appellant,
v.
ODYSSEY RE (LONDON) LIMITED, f/k/a Sphere Drake Insurance PLC, Appellee.
No. 98-906.
District Court of Appeal of Florida, Third District.
November 18, 1998.
*403 Eddy O. Marban, Miami, for appellant.
O'Connor & Meyers, P.A. and David R. Cassetty, for appellee.
Before COPE, GREEN and SORONDO, JJ.
GREEN, Judge.
Appellant, Perrine Food Retailers, Inc. ("Perrine Food") appeals a final summary judgment declaring that appellee, Odyssey Re (London) Limited f/k/a Sphere Drake Insurance PLC ("carrier") had no duty to defend or indemnify Perrine Food in an action brought by a business invitee based upon a policy exclusion. We affirm.
Perrine Food is the owner/operator of a supermarket and the shopping center in which the supermarket is located. Perrine Food was sued by one Henry Suarez for personal injuries he allegedly sustained at the hands of unknown third parties during the course of a robbery.[1] Mr. Suarez's suit was based upon various theories of negligence by Perrine Food, namely, the failure to provide security and/or adequate security, train and/or adequately train security personnel; to manage and control its premises; and failure to provide adequate lighting. At the time of Suarez's alleged attack, Perrine Food had a policy of general liability insurance with the appellee carrier. After Perrine Food was sued, it sought a defense and coverage from its carrier. The carrier denied any duty to defend and denied coverage based upon the "assault and battery" exclusion contained in the policy which provides in relevant part that:
Notwithstanding anything contained to the contrary, it is understood and agreed that this policy excluded [sic] claims arising out of:
1  Assault and Battery, whether caused by or at the instructions of, or at the direction of or negligence of the insured, his employees, patrons or any causes whatsoever ... (emphasis added)
Based upon this exclusion, the lower court granted final summary judgment in the carrier's favor in the declaratory relief and breach of contract action below. Perrine Food asserts that this was error because the exclusion does not specifically exclude coverage when the assault and battery occurs by unknown third parties. We disagree.
An unambiguous provision in a contract of insurance does not require construction, and must be given effect as written. See Midwest Mut. Ins. Co. v. Santiesteban, 287 So.2d 665, 666-67 (Fla.1973); Weldon v. All Am. Life Ins. Co., 605 So.2d 911, 914 (Fla. 2d DCA 1992); Universal Underwriters Ins. Co. v. Fallaro, 597 So.2d 818, 819 (Fla. *404 3d DCA 1992); Morrison Assurance Co., Inc. v. City of Opa-Locka, 389 So.2d 1079, 1080 (Fla. 3d DCA 1980), Moreover, a reasonable and practical construction should apply in accord with the intention of the parties. See Lindheimer v. St. Paul Fire & Marine Ins. Co., 643 So.2d 636, 638 (Fla. 3d DCA 1994) (citations omitted). Clearly, in this case, the plain language of the exclusion precludes coverage for all claims arising out of an assault and battery due not only to the negligence of Perrine Food, its employees and patrons, but to negligence due to "any causes whatsoever." We think that this catchall language of "any causes whatsoever" is certainly sufficient to encompass the acts of unknown third parties as alleged by Mr. Suarez. Simply, Suarez's complaint is couched in terms of Perrine Food's alleged negligence in not preventing his assault and battery by unknown third party assailants. An assault and battery exclusion in a liability policy precludes coverage for the negligence of the insured which arises as a result of the assault and battery. See Miami Beach Entertainment, Inc. v. First Oak Brook Corp. Syndicate, 682 So.2d 161, 162 (Fla. 3d DCA 1996) (holding summary judgment based upon policy exclusion proper where claim based on negligence arose out of assault and battery); Britamco Underwriter's, Inc. v. Zuma Corp., 576 So.2d 965, 965 (Fla. 5th DCA 1991) (finding that bar customer not entitled to coverage where claim arose from assault and battery; and policy excluded coverage for assault and battery).
For these reasons, we conclude that the trial court correctly entered summary judgment in the carrier's favor.
Affirmed.
NOTES
[1] The Suarez suit alleged in pertinent part that:

* * * * * *
6. On or about March 10, 1995 at approximately 10:00 P.M., the Defendant PERRINE FOOD RETAILERS CORP. d/b/a FOOD CITY SUPERMARKET owned, operated, maintained, managed, and/or controlled the premises at or about 119th Street and N.W. 12th Avenue, Miami, Dade County.
7. At that time and place, the Plaintiff HENRY SUAREZ was on or about the premises of FOOD CITY SUPERMARKET and was a business invitee of FOOD CITY SUPERMARKET at the above said location.
8. At that time and place, and while Plaintiff was on the premises and within the entrance area thereof, Plaintiff HENRY SUAREZ was attacked, assaulted and robbed by assailants, one of whom wielded a knife slashing the Plaintiff across the face causing severe laceration and bodily injury to the Plaintiff in and about his body and extremities.
* * * * * *