KELLY, Judge.
 

 In these consolidated appeals, the parties challenge different aspects of a final judgment in an action for breach of an insurance contract. American International Specialty Lines Insurance Company (AISLIC) challenges the trial court’s determination that it had a duty to defend its insured, WellCare of Florida, Inc., based on allegations contained in a complaint brought against WellCare by E.S. Thomas & Associates, an insurance agent WellCare had hired to sell its healthcare policies. WellCare challenges the trial court’s determination that AISLIC, while contractually obligated to provide a defense in the Thomas action, did not have to indemnify WellCare for the amount it paid to settle that action. Based on these determinations by the trial court, the final judgment awards damages to WellCare for AISLIC’s breach of its duty to defend while awarding nothing on its claims for indemnity. We review de novo the trial court’s decision regarding AISLIC’s duty to defend and to indemnify under the insurance policy.
 
 See Auto-Owners Ins. Co. v. Marvin Dev. Corp.,
 
 805 So.2d 888, 891 (Fla. 2d DCA 2001). Because we conclude that the trial court erred in finding that AISLIC had a duty to defend WellCare in the Thomas litigation, we reverse the final judgment and remand for entry of a judgment in favor of AISLIC.
 

 WellCare entered into a “marketing agreement” with Thomas under which Thomas was authorized to market and sell group and individual health maintenance organization (HMO) products for Well-Care. Under the agreement, Thomas earned commissions that were calculated based on earned premiums generated by the plans it sold. The parties’ relationship soured when WellCare refused to permit Thomas to market and sell a product
 
 *906
 
 known as WellCare Choice. As a result, Thomas sued WellCare for specific performance, breach of the marketing agreement, and tortious interference with Thomas’s business relationships with its customers.
 

 WellCare notified AISLIC of the Thomas action, seeking coverage under its “Third Party Administrators Professional Liability Insurance Policy.” In pertinent part, the AISLIC policy states:
 

 I. INSURING AGREEMENTS
 

 A. PROFESSIONAL LIABILITY
 

 To pay on behalf of the Insured all sums the Insured shall become legally obligated to pay as damages resulting from any claim or claims first made against the Insured and reported in writing to the Company during the policy period ... for any wrongful act of the Insured ... but only if such wrongful act occurs ... solely in the performance of professional services for others for compensation.
 

 (Emphasis in original). The policy defines the term “Wrongful act” as “any actual or alleged negligent act, error or omission”; “claim” as “any adjudicatory proceeding commenced against the Insured seeking money damages”; and “professional services” as “Health Maintenance Services Organization Services.” AISLIC denied coverage and this action ensued.
 

 We first address whether AISLIC had a duty to defend because the duty to indemnify is narrower than the duty to defend and thus cannot exist if there is no duty to defend.
 
 See Aetna Ins. Co. v. Borrell-Bigby Elec. Co.,
 
 541 So.2d 139, 141 (Fla. 2d DCA 1989) (“Florida recognizes that the duty to defend an insured is broader than the duty to indemnify.”);
 
 Fun Spree Vacations, Inc. v. Orion Ins. Co.,
 
 659 So.2d 419, 421 (Fla. 3d DCA 1995). Whether AISLIC owed a defense to Well-Care turns on whether the allegations in the Thomas complaint bring the action within the scope of coverage under the AISLIC policy.
 
 See Biltmore Constr. Co. v. Owners Ins. Co.,
 
 842 So.2d 947, 949 (Fla. 2d DCA 2003) (“An insurer’s duty to defend a complaint depends solely on the allegations in the complaint filed by a third party against the insured.”). “An insurer has no duty to defend a lawsuit where the underlying complaint does not allege facts that would bring the complaint within the coverage of the policy.”
 
 Auto-Owners Ins. Co. v. Marvin Dev. Corp.,
 
 805 So.2d 888, 891 (Fla. 2d DCA 2001).
 

 The Thomas complaint alleges WellCare breached the marketing agreement by refusing to allow Thomas to sell WellCare Choice and further that WellCare “embarked upon a deliberate plan to interfere in the relationship between Thomas and its customers, designed to drive those customers away.” To that end, the complaint alleges that WellCare made deceptive statements to Thomas’s customers; changed operating procedures internally without notifying Thomas which affected the way Thomas could service its customers; deliberately withheld important information from Thomas about available insurance coverages and pricing; and withheld payment due to agents and providers while at the same time refusing to acknowledge payments made by insurance customers. Throughout the complaint, Thomas characterizes all of WellCare’s actions as deliberate, intentional, systematic, and motivated by a desire to drive away business that WellCare had concluded was unprofitable.
 

 After a careful examination of the Thomas complaint and WellCare’s extensive arguments in this case, we can reach only one conclusion,
 
 one
 
 which seems to us self-evident: no allegation in the Thomas complaint could potentially give rise to a claim covered under Well-
 
 *907
 
 Care’s professional liability policy. The actions of WellCare as detailed in the Thomas complaint were not done in the performance of professional services for Thomas, nor do they amount to “negligent acts, errors or omissions.” A professional eiTors and omissions policy is not designed to provide coverage to the insured for its own systematic, deliberate, wrongful conduct:
 

 Errors and omissions policies form the equivalent to malpractice insurance for occupations other than those in the legal and medical fields. Such policies are designed to insure members of a particular professional group from liability arising out of special risks such as negligence, omissions, mistakes and errors inherent in the practice of their profession.
 

 94 Lee R. Russ & Thomas F. Segalla,
 
 Couch on Insurance,
 
 § 131.38 (3d ed. 2009). Because the allegations in the Thomas complaint could not give rise to a covered claim, AISLIC had no duty to provide WellCare with a defense in that action. Having concluded that AISLIC had no duty to defend, we likewise conclude that it had no duty to indemnify WellCare for the sums it paid to settle the Thomas action.
 
 See Fun Spree Vacations,
 
 659 So.2d at 422. Accordingly, we reverse the final judgment in favor of WellCare and remand for entry of judgment in favor of AISLIC.
 

 Reversed and remanded.
 

 WHATLEY and VILLANTI, JJ., Concur.