MORRIS, Judge.
 

 Essex Insurance Company appeals a final judgment in a declaratory action filed by Essex against Patrick O’Fell, the Hills-borough County Sheriffs Office, and Big Top of Tampa, Inc. In the final declaratory judgment, the trial court ruled that Essex, as Big Top’s insurer, has a duty to defend and indemnify Big Top for O’Fell’s claims against Big Top. We reverse because the insurance policy at issue clearly excludes
 
 *1222
 
 coverage for the claims in O’Fell’s complaint against Big Top.
 

 I. Facts
 

 Patrick O’Fell filed a complaint against Big Top and the Hillsborough County Sheriffs Office for negligence, negligent hiring, and negligent supervision and retention. The complaint alleged that O’Fell was a patron in a flea market operated by Big Top. He had an unlit tobacco product in his mouth when Reginald Davis — an off-duty sheriffs officer employed as a security guard by Big Top — ordered O’Fell to remove the item from his mouth. O’Fell refused, and Davis then “used excessive force in the unlawful detention and arrest of O’Fell in his position as a law enforcement officer.” O’Fell alleged that he suffered bodily injury as well as other injuries and losses.
 

 Big Top has a commercial general liability insurance policy with Essex. After O’Fell filed his complaint against Big Top, Essex filed a complaint for declaratory judgment, seeking a judicial determination that Essex is not obligated to defend Big Top against the allegations in O’Fell’s complaint. Essex claimed that the actions alleged by O’Fell fall within the assault and battery exclusion of its policy, which provides as follows:
 

 The coverage under this policy does not apply to any claim, suit, cost[,] or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured’s employees, patrons[,] or any other person. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement[,] or supervision. Furthermore, assault and/or battery includes “bodily injury” resulting from the use of reasonable force to protect persons or property. The sentence “This exclusion does not apply to ‘bodily injury’ resulting from the use of reasonable force to protect persons or property” is deleted from the Commercial General Liability Coverage Form, Section I, Item 2., Exclusions, a.
 

 Essex averred that because coverage does not exist for the allegations in O’Fell’s complaint, Essex has no duty to defend or indemnify Big Top.
 

 Essex filed a motion for summary judgment, which the trial court denied. Essex’s complaint then proceeded to a nonju-ry trial. At the beginning of trial, Essex renewed its motion for summary judgment, asking the trial court to determine that it has no duty to defend Big Top based on the allegations in O’Fell’s complaint. Essex argued that there is no issue of fact to be determined at trial. Big Top contended that no assault or battery occurred because Davis was performing his duties and that the exclusion is ambiguous in that it is not clear whether it applies to the circumstances in this case. The trial court denied the renewed motion, stating that “there appears to be the slightest genuine issue of material fact.”
 

 After the nonjury trial, the trial court entered the final judgment.
 
 [1]
 
 In the judgment, the trial court stated that “the sole disputed issue tried before the [cjourt was the applicability and enforceability of an ‘Assault and/or Battery Exclusion’ contained in the policy.” The trial court ruled that “[t]he exclusion does not apply to the circumstances of the incident described by” O’Fell’s complaint because the arrest of “O’Fell was lawful and did not constitute
 
 *1223
 
 an assault and battery within the meaning of the policy exclusion.” The trial court also ruled that the exclusion is ambiguous because the “clause in the exclusion providing that assault and battery includes ‘bodily injury’ resulting from the use of reasonable force to protect persons or property is ... susceptible to more than one possible interpretation”; the court therefore construed the exclusion against Essex as drafter of the policy. Based on these rulings, the trial court concluded that Essex has a duty to defend Big Top and that Essex must indemnify Big Top up to the limit stated in the policy.
 

 II. Analysis
 

 On appeal, Essex first argues that the question of whether Essex has the duty to defend Big Top under its policy depends on whether the factual allegations of the complaint bring the case within the coverage of the policy. “[A]n insurer’s obligation to defend is determined solely by the claimant’s complaint if suit has been filed.”
 
 Higgins v. State Farm Fire & Cas. Co.,
 
 894 So.2d 5, 10 (Fla.2004). A liability insurer has no duty to defend a suit where the complaint on its face alleges facts which fail to bring the case within the coverage of the policy.
 
 Auto-Owners Ins. Co. v. Marvin Dev. Corp.,
 
 805 So.2d 888, 891 (Fla. 2d DCA 2001). The proper focus is on the factual allegations in the complaint.
 
 See Nat’l Union Fire Ins. Co. v. Lenox Liquors, Inc.,
 
 358 So.2d 533, 536 (Fla.1977) (“The allegations of the complaint govern the duty of the insurer to defend.”);
 
 State Farm Fire & Cas. Co. v. Edgecumbe,
 
 471 So.2d 209, 210 (Fla. 1st DCA 1985) (holding that trial court erred in considering evidence on the issue because the allegations of complaint are controlling). We review de novo the trial court’s legal determination concerning Essex’s duty to defend and indemnify under the terms of the policy.
 
 See Transom. Ins. Co. v. Jim Black & Assocs., Inc.,
 
 888 So.2d 671, 674 (Fla. 2d DCA 2004).
 

 Although couched in terms of negligence, O’Fell’s complaint alleges that Davis used excessive force while arresting him and that such force caused bodily injury to O’Fell. “If excessive force is used in an arrest, the ordinarily protected use of force by a police officer is transformed into a battery.”
 
 City of Miami v. Sanders,
 
 672 So.2d 46, 47 (Fla. 3d DCA 1996). “[I]t is not possible to have a cause of action for ‘negligent’ use of excessive force because there is no such thing as the ‘negligent’ commission of [an] ‘intentional’ tort,” such as battery.
 
 Id.
 
 at 48. Therefore, O’Fell’s complaint alleges a battery, which brings the facts of the case within the assault and battery exclusion.
 

 Policy provisions that exclude coverage for claims based on an assault or battery have been extended to exclude coverage for claims of negligence which arise out of the alleged assault or battery.
 
 See Perrine Food Retailers, Inc. v. Odyssey Re (London) Ltd.,
 
 721 So.2d 402, 404 (Fla. 3d DCA 1998);
 
 Miami Beach Entm’t, Inc. v. First Oak Brook Corp. Syndicate,
 
 682 So.2d 161, 162 (Fla. 3d DCA 1996);
 
 Britamco Underwriter’s, Inc. v. Zuma Corp.,
 
 576 So.2d 965, 965 (Fla. 5th DCA 1991). Here, all three of the claims of negligence against Big Top arise out of the alleged battery committed by Davis. More specifically, the policy provision at issue here expressly excludes claims “arising out of ... any act or omission in connection with the prevention or suppression of such [assault or battery], whether caused by ... any Insured, Insured’s employees, patrons[,] or any other person” as well as “any charges or allegations of negligent hiring, training, placement^] or supervision.” This language unambiguously encompasses O’Fell’s claims against Big Top; therefore, the exclusion applies, and coverage does not lie for O’Fell’s claims against Big Top. The trial court erred in conclud
 
 *1224
 
 ing otherwise by going beyond the allegations in the complaint.
 

 We recognize that the supreme court has held that factual determinations may be made in a declaratory judgment action where it is necessary to resolve issues of fact in order to determine whether coverage exists under an insurance policy.
 
 See Higgins,
 
 894 So.2d at 9, 15. But here, there were no factual issues to determine because O’Fell’s complaint clearly alleged that a battery occurred. And the court’s decision in
 
 Higgins
 
 “should in no way be read as a rejection of the principle” that “an insurer’s obligation to defend is determined solely by the claimant’s complaint if suit has been filed.”
 
 Id.
 
 at 10.
 

 We also point out that even if an evidentiary hearing was warranted, the trial court erred in its legal determination that coverage lies on the basis that Davis’s arrest of O’Fell was lawful. The conclusion that Davis’s arrest of O’Fell was lawful is not dispositive of the coverage issue. A police officer may be liable for the use of excessive force (i.e., battery) while effectuating a lawful arrest.
 
 See Sanders,
 
 672 So.2d at 47.
 

 Essex further argues on appeal that the trial court erred in ruling that the sentence in the exclusion regarding reasonable force was ambiguous. Because the trial court should have considered only the allegations in O’Fell’s complaint and because the complaint alleged excessive force, this sentence regarding reasonable force is not invoked. Nonetheless, we disagree with the trial court’s conclusion that this specific part of the provision is ambiguous. By its plain language, the sentence excludes coverage for bodily injury caused by an assault or battery that is defensible because it was necessary to protect persons or property.
 
 See Swire Pac. Holds., Inc. v. Zurich Ins. Co.,
 
 845 So.2d 161, 165 (Fla.2003) (“[Ijnsurance contracts must be construed in accordance with the plain language of the policy.”). At the conclusion of the trial, the trial court found that Davis’s actions did not constitute an assault or battery because his actions were “exactly within his job description.” We assume that in so finding, the trial court found that Davis’s actions were reasonable. But as we concluded, the policy plainly and clearly excludes coverage even where reasonable force has been used to protect persons or property.
 

 Because Essex has no duty to defend Big Top in O’Fell’s action against Big Top, Essex has no corresponding duty to indemnify.
 
 See WellCare of Fla., Inc. v. Am. Int’l Specialty Lines Ins. Co.,
 
 16 So.3d 904, 906 (Fla. 2d DCA 2009) (“[T]he duty to indemnify is narrower than the duty to defend and thus cannot exist if there is no duty to defend.”). We also point out that the trial court’s ruling that Essex must indemnify Big Top for O’Fell’s claims against Big Top is inconsistent with its ruling that no battery occurred. Essex would be obligated to indemnify Big Top only if O’Fell prevails, and in order to prevail, O’Fell has to prove that a battery occurred. And, as stated above, the occurrence of a battery takes the facts out of the coverage of the policy.
 

 III. Conclusion
 

 For the reasons explained above, O’Fell’s complaint alleges facts that fail to bring the case within the coverage of the policy. The trial court therefore erred in ruling that Essex is obligated to defend and indemnify Big Top. Accordingly, we reverse the final declaratory judgment and remand for entry of a judgment that is consistent with this opinion.
 

 Reversed and remanded.
 

 WALLACE and LaROSE, JJ., Concur.
 

 [1]
 

 . The nonjury trial was held before Judge Frank Gomez, but the final judgment was entered by Judge Martha J. Cook.