WALLIS, J.
Wilshire Insurance Company (“Appellant”) appeals the trial court’s order, which denied Appellant’s motion for summary judgment and held Appellant had a duty to defend Poinciana Grocer, Inc. (“Poinciana”) in an underlying negligence action. Charles Martin (“Martin”) brought the underlying action, alleging he was stabbed on Poinciana’s premises by a patron, John F. Henderson (“Henderson”). On appeal, Appellant argues the insurance policy contains a clear exclusion from coverage for claims arising from assault and battery. We agree.[1]
In his complaint, Martin alleged he was legally on Poinciana’s property collecting trash through his employment with Florida Commercial Care when he was “attacked and ’ brutally stabbed” by Henderson as he left a convenience store after purchasing a large amount of alcoholic beverages. Martin sought relief from Poinciana, alleging it negligently failed to maintain the premises in a safe condition, failed to warn, and failed to prevent an attack with adequate security or safety.
Poinciana’s insurance policy excludes claims arising from an underlying battery claim, as follows:
This insurance does not apply to:
A. Any claims arising out of Assault and/or Battery or;'
B. Any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of you, your employees or volunteers, patrons or any other persons, or
C. Claims, accusations or charges of negligent hiring, placement, training or supervision arising from any of the foregoing are not covered.
We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.
“[T]he standard of review on summary judgment orders is de novo.” Fla. Bar v. Rapoport, 845 So.2d 874, 877 (Fla.2003) (citing Fla. Bar v. Cosnow, 797 So.2d 1255, 1258 (Fla.2001)). “Summary judgment is *57 proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Campbell v. Household Life Ins. Co., 77 So.3d 772, 775 (Fla. 5th DCA 2011) (citing Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)).
“Insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties, and ambiguities are interpreted liberally in favor of the insured and strictly against the insurer who prepared the policy.” McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass’n, 758 So.2d 692, 694-95 (Fla. 4th DCA 1999) (quoting Westmoreland v. Lumbermens Mut. Cas. Co., 704 So.2d 176, 179 (Fla. 4th DCA 1997)). “The general rule is that an insurance company’s duty to defend an insured is determined solely from the allegations of the complaint against the insured.” W. Orange Lumber Co. v. Ind. Lumbermens Mut. Ins. Co., 898 So.2d 1147, 1148 (Fla. 5th DCA 2005) (citing Nat’l Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla.1977); Ins. Co. of N. Am. v. Whatley, 558 So.2d 120 (Fla. 5th DCA 1990)). “[I]f the pleadings show the applicability of a policy exclusion, the insurer has no duty to defend.” Keen v. Florida Sheriffs’ Self-Ins., 962 So.2d 1021, 1024 (Fla. 4th DCA 2007) (citing Reliance Ins. Co. v. Royal Motorcar Corp., 534 So.2d 922, 923 (Fla. 4th DCA 1988)).
Here, the policy expressly .provides that Appellant does not have a duty to defend when the underlying claim is for assault and battery by a patron. See Britamco Underwriter’s, Inc. v. Zuma Corp., 576 So.2d 965, 965 (Fla. 5th DCA 1991) (holding an exclusion for assault, battery, and negligent hiring precluded coverage for a bar under its insurance policy). Accordingly, because the contract expressly provides claims arising out of battery, including negligence, are not covered, we reverse the order finding a duty to defend and remand for the trial court to énter summary judgment for Appellant.
REVERSED and REMANDED.
LAMBERT, J., concurs.
ORFINGER, J., concurs and concurs • specially with opinion.

. We decline to address Poinciana's argument that other provisions of the insurance contract create an ambiguity because it is without merit.