ORFINGER, J.,
concurring specially.
I concur. The assault or battery exclusion provides:
This insurance does not apply to:
A. Any claims arising out of Assault and/or Battery or;
B. Any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of you, your employees or volunteers, patrons or any other persons, or
C. Claims, accusations or charges of negligent hiring, placement, training or supervision arising from any of the foregoing are not covered.
We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.
Under Florida law⅝ an insured bears the burden of proving that a claim is covered within an insurance policy. LaFarge Corp. v. Travelers Indem. Co., 118 F.3d 1511, 1516 (11th Cir.1997). The burden of proving an'exclusion to coverage is, however, on the insurer. Id.
As the duty to defend is broader than the duty to indemnify, if a court determines that there is no duty to defend, as a matter of law, there cannot be a duty to indemnify. WellCare of Fla., Inc. v. Am. Int’l Specialty Lines Ins. Co., 16 So.3d 904, 906 (Fla. 2d DCA 2009) (“[T]he duty to indemnify is narrower than the duty to defend and thus cannot exist if there is no *58 duty to defend.” (citing Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So.2d 419, 421 (Fla. 3d DCA 1995); Aetna Ins. Co. v. Borrell-Bigby Elec. Co., 541 So.2d 189, 141 (Fla. 2d DCA 1989))). “An insurer has no duty to defend a lawsuit where the underlying complaint does not allege facts that would bring the complaint within the coverage of the policy.” Auto-Owners Ins. Co. v. Marvin Dev. Corp., 805 So.2d 888, 891 (Fla. 2d DCA 2001).
While Martin maintains that it was the negligence of Poinciana, and not the intentional acts of Henderson that brought about the resultant harm, that argument is unconvincing. A duty to defend cannot be triggered merely by labeling an intentional act “negligent.” When the facts alleged establish intentional conduct, but the claim asserts negligence, the negligence label should be disregarded. See, e.g., Cabezas v. Fla. Farra Bureau Cas. Ins. Co., 830 So.2d 156 (Fla. 3d DCA 2002); Aetna Cas. & Sur. Co. v. Miller, 550 So.2d 29 (Fla. 3d DCA 1989).
The phrase “arising out of,” found in the exclusion, is broader in meaning than the term “caused by” and means “ ‘originating from,’ ‘having its origin in,’ ‘growing out of,’ ‘flowing from,’ ‘incident to,’ or ‘having a connection with.’ ” Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So.2d 528, 532-33 (Fla.2005). Florida courts have long construed assault and battery exclusions to preclude acts of negligence arising from an assault or battery. See, e.g., Century Sur. Co. v. Seductions, LLC, 609 F.Supp.2d 1273, 1277 (S.D.Fla.2009) (citing Taurus Holdings, 913 So.2d at 539-40); Perrine Food Retailers, Inc. v. Odyssey Re (London) Ltd., 721 So.2d 402, 404 (Fla. 3d DCA 1998) (holding that negligence claims against store owner for failing to maintain premises or provide adequate security arose out of assault and battery where patron was robbed at knifepoint and stabbed, ultimately triggering policy’s assault and battery exclusion); Miami Beach Entm’t, Inc. v. First Oak Brook Corp. Syndicate, 682 So.2d 161, 162 (Fla. 3d DCA 1996) (holding summary judgment based upon policy exclusion proper where claim based on negligence arose out of assault and battery). Martin’s injuries arose from a battery by a patron of Poinciana, despite the pleading of negligence in the complaint in the underlying action. As a consequence, the exclusion controls.