# Third District Court of Appeal

## State of Florida

Opinion filed April 7, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2388
Lower Tribunal No. 18-17283
_____

## Sierra Auto Center, Inc., et al.,

Appellants,

vs.

## Granada Insurance Company, et al.,

Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Wolfson Law Firm, LLP, and Jonah M. Wolfson, for appellants.

Hinshaw & Culbertson LLP, James H. Wyman and Ronald L. Kammer, for appellee, Granada Insurance Company.

Before FERNANDEZ, LINDSEY and GORDO, JJ.

GORDO, J.

Sierra Auto Center, Inc. and Sierra Auto Center Miami Beach, LLC appeal a final summary judgment declaring that insurer, Granada Insurance Company, had no duty to defend or indemnify Sierra in an underlying negligence action arising out of an assault and battery that occurred on its premises based on the policy's express assault and battery exclusion. We have jurisdiction. Fla. R. App. P. 9.110(a)(1). Finding no error in the trial court's determination that Granada had no legal duty to defend, we affirm.

Jaime Bastos Tejada brought a negligence action against Sierra after he was battered on Sierra's business premises. Tejada alleged Sierra negligently failed to provide adequate security, failed to timely intervene, failed to foresee and warn of the risk of assault created by the conditions of the premises and failed to improve existing security measures. At the time of the incident, Sierra was insured under a commercial liability policy issued by Granada. The policy contained the following assault and battery endorsement:

> **EXCLUSION - ASSAULT AND BATTERY**
> THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:
> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
> Section I - Coverages
> Coverage A.
> 2. Exclusions
> The following is added as an Exclusion.

2

> This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of or resulting from:
> (a) any actual, threatened or alleged assault or battery;
> (b) the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery; or
> (c) the negligent:
> > (i) employment;
> > (ii) investigation;
> > (iii) supervision;
> > (iv) training;
> > (v) retention;
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) or (b) above;
> (d) any other cause of action or claim arising out of or as a result of (a), (b), or (c) above . . .

After Sierra sought coverage, Granada filed a declaratory judgment action requesting a declaration that it had no obligation under the policy to defend or indemnify Sierra for claims brought by the injured patron in the underlying negligence action because the claims stemmed from the battery that occurred on its premises. Granada moved for summary judgment based on the assault and battery exclusion. The trial court granted summary judgment.

We review the grant of summary judgment de novo. Wilshire Ins. Co. v. Poinciana Grocer, Inc., 151 So. 3d 55, 56 (Fla. 5th DCA 2014).

3

"The general rule is that an insurance company's duty to defend an insured is determined solely from the allegations of the complaint against the insured." Id. at 57 (citations omitted). "[I]f the pleadings show the applicability of a policy exclusion, the insurer has no duty to defend." Id. (citations omitted).

The policy specifically excluded from coverage any bodily injury "arising out of or resulting from" an actual battery, failure to prevent the battery and related negligence claims. "The term 'arising out of' is broader in meaning than the term 'caused by' and means 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to' or 'having a connection with.'" Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So. 2d 528, 539 (Fla. 2005) (quoting Hagen v. Aetna Cas. & Sur. Co., 675 So. 2d 963, 965 (Fla. 5th DCA 1996)). We have no difficulty discerning that Tejada's negligence claims arose out of the battery incident that occurred on Sierra's premises and fell under the policy's exclusion.

It is well-established precedent that where the claimant's injuries arise out of or result from a physical altercation, an assault and battery exclusion—such as the exclusion in the Granada policy—bars coverage for the claim against the insured. See Poinciana, 151 So. 3d at 57 ("[B]ecause the contract expressly provides claims arising out of battery, including

4

negligence, are not covered, we reverse the order finding a duty to defend . . ."); Perrine Food Retailers, Inc. v. Odyssey Re (London) Ltd., 721 So. 2d 402, 404 (Fla. 3d DCA 1998) ("An assault and battery exclusion in a liability policy precludes coverage for the negligence of the insured which arises as a result of the assault and battery."); Miami Beach Ent., Inc. v. First Oak Brook Corp. Syndicate, 682 So. 2d 161, 162 (Fla. 3d DCA 1996) ("We hold that under the specific terms of the assault and battery exclusion, the trial court correctly found that coverage did not lie . . . Although the complaint was couched in terms of the bar owner's negligence in failing to keep control over its patrons, for purposes of determining insurance coverage, the injuries arose from the assault and battery." (citing Britamco Underwriter's, Inc. v. Zuma Corp., 576 So. 2d 965, 965 (Fla. 5th DCA 1991) (bar whose customer recovered judgment against bar owner for negligence was not entitled to coverage by insurer when customer's claim arose from assault and battery, and policy excluded coverage for assault and battery))); Smith v. Gen. Accident Ins. Co. of Am., 641 So. 2d 123, 125 (Fla. 4th DCA 1994) ("[I]t appears abundantly clear to us that the plaintiff's complaint has been framed in negligence solely to reach the 'deep pocket' of the insurance company (or its insured), as there is a clear exclusion in the policy for assault and battery by a patron, which is what occurred in this case." (citation omitted)).

Accordingly, we conclude the trial court correctly entered summary judgment in favor of Granada.

Affirmed.