[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10599
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00135-CV-5-RH-WCS

COLONY INSURANCE CO.,

Plaintiff-Appellant,

versus

GEORGE BARNES, SR.,
individually, d.b.a. Dreamland Inn,
FRANK BROWN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 18, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Colony Insurance Co. (Colony) appeals the district court's grant of partial summary judgment to George Barnes, Sr., in which the district court concluded Colony has a duty to defend Barnes in a wrongful death lawsuit. The district court did not err, and we affirm.

## I.  BACKGROUND

Barnes is the owner and operator of Dreamland Inn, a nightclub located in Greenwood, Florida. On or about May 29, 2004, Faheem Brown was on the premises of Dreamland Inn when other patrons of the nightclub began firing guns in the parking lot area. Faheem Brown was hit in the chest by a stray bullet and died.

Frank Brown and Dora Witherspoon were appointed as co-personal representatives of the estate of Faheem Brown, and filed a wrongful death action against Barnes in Florida state court. The complaint alleges Barnes negligently failed to:

 a. suppress or prevent his patrons from recklessly shooting firearms on the premises;

 b. provide an environment safe from firearm usage by patrons in and around the premises of DREAMLAND INN;

 c. hire, supervise, or train security or off-duty law enforcement to patrol the premises of DREAMLAND INN; and

2

d.     warn patron FAHEEN S. BROWN of a known likelihood of firearm usage on the premises of DREAMLAND INN, an ultra-hazardous activity that has routinely and repeatedly occurred on the premises over the course of a number of years.

The complaint alleges the insured's "careless, reckless, and negligent" operation of the nightclub caused this "ultra hazardous environment."

Barnes and Dreamland Inn are insured with Colony. The Colony insurance policy provides for coverage of any lawsuit seeking damages for bodily injury, including death, arising from an occurrence, which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The Colony policy further contains an assault and battery exclusion. The exclusion applies to lawsuits seeking damages arising out of or resulting from:

(1)    Assault and Battery committed by any person;

(2)    The failure to suppress or prevent assault and battery by any person;

(3)    The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery;

(4)    The negligent hiring, supervision, or training of any person;

(5)    The use of an force to protect persons or property whether or not the "bodily injury" or "property damage" was intended from the standpoint of the insured or committed by or at the direction of the insured.

In Colony's summary judgment motion, Colony asserted the shooting was excluded from coverage by the assault and battery exclusion. Specifically, the district court disagreed because the complaint in the wrongful death action alleged an action that was not an assault and battery. The district court held that assault and battery under Florida law requires intent, and the complaint alleges a gun was fired but does not specify whether the shooter did or did not threaten or intend to hit anyone. The shooting thus did not fit into the assault and battery exclusion for duty to defend purposes.

Colony appeals, asserting the shooting was excepted by the assault and battery exclusion, and, therefore, the district court erred in determining Colony owed Barnes a duty to defend the wrongful death case.

## II. DISCUSSION

"In determining whether a duty to defend exists, the trial court is confined to the allegations in the complaint." *State Farm Fire and Cas. Co. v. Tippett*, 864 So. 2d 31, 33 (Fla. 4th DCA 2003).[1] "The trial court is restricted to the allegations set forth in the complaint, regardless of what the insured or others say actually happened." *Id.*

---

[1] The parties do not dispute that Florida law applies to this case.

Assault and battery are not defined in the policy, but are defined under Florida law. "An assault is any *intentional*, unlawful offer of corporeal injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented." *Winn & Lovett Grocery Co. v. Archer*, 171 So. 214, 217 (Fla. 1936) (emphasis added). "A battery consists of the infliction of a harmful or offensive contact upon another with the *intent* to cause such contact or the apprehension that such contact is imminent." *Paul v. Holbrook*, 696 So. 2d 1311, 1312 (Fla. 5th DCA 1997) (emphasis added).

We conclude the district court did not err in determining the complaint alleged an action that was not an assault and battery. The wrongful death complaint does not allege the shooter intended to create a well-founded fear of imminent peril, or that anyone had a well-founded fear of imminent peril. Similarly, the wrongful death complaint does not allege the shooter intended to hit Faheem Brown or anyone else. From the allegations in the complaint, the shooter may have discharged the gun intending not to make anyone apprehensive and intending not to hit anyone.

5

Colony relies on Florida cases in which courts have found the insurer has no duty to defend the insured. These cases can be distinguished from the present case. In *Miami Beach Entm't, Inc. v. First Oak Brook Corp. Syndicate*, 682 So. 2d 161, 162 (Fla. 3d DCA 1996), the assault and battery exclusion precluded coverage for harmful or offensive contact between two or more persons regardless of intent. There is no such language in Colony's policy. In *Britamco Underwriter's, Inc. v. Zuma Corp.*, 576 So. 2d 965, 965 (Fla. 5th DCA 1991), the plaintiff's claim of negligence in failing to provide adequate security at a bar arose from a beating inflicted by other bar patrons–clearly an intentional act. Similarly, in *Perrine Food Retailers, Inc. v. Odyssey Re (London) Ltd.*, 721 So. 2d 402, 403 n.1 (Fla. 3d DCA 1998), also involving a clearly intentional act, the complaint alleged the plaintiff was attacked, assaulted and robbed by assailants, one of whom slashed the plaintiff's face with a knife.

We conclude the complaint does not allege any intent; thus, the assault and battery exclusion does not apply, and Colony has a duty to defend Barnes.[2]

**AFFIRMED.**

---

[2] Additionally, we reject Colony's other arguments on appeal. First, Colony asserts the shooter's intent was transferred from another victim to Faheem Brown. The complaint alleges no intent, thus intent could not have been transferred. Second, Colony asserts coverage only exists for accidents, and the shooting could not have been an accident. We disagree. The wrongful death complaint does not allege an intentional act, and an accidental shooting would qualify as an occurrence under the policy.

7