[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10680
Non-Argument Calendar
_____

D. C. Docket No. 01-00019-CV-WLS-6

PAULA C. HILL,
BOBBY BATTLE,
RALPH CLARK,
CHARLIE HOMER,
JAMES KNOLTON, SR.,
MICHAEL MIXON,

Plaintiffs-Appellants,

versus

OIL DRI CORPORATION OF GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 11, 2006)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

In this employment discrimination action, plaintiffs appeal the district court's orders (1) granting summary judgment to Oil Dri Corporation of Georgia ("Oil Dri"); (2) denying their motion to alter or amend the judgment; and (3) granting Oil Dri's motion to strike portions of plaintiffs' affidavits and exhibits. After review, we affirm.

## I.  BACKGROUND

In 1997, plaintiffs Bobby Battle, Ralph Clark, Charlie Homer, James Knowlton and Michael Mixon, who are African American, filed charges of race discrimination against their employer, Oil Dri, with the Equal Employment Opportunity Commission ("EEOC").  Plaintiffs claimed that Oil Dri had paid them less than white employees and subjected them to different terms and conditions of employment based on their race.  The EEOC investigated.  In March and April 1998, the EEOC issued nearly identical determinations finding that it was reasonable to believe Oil Dri had discriminated against plaintiffs based on their race in violation of Title VII.

In March 2001,[1] plaintiffs filed this action against Oil Dri, asserting, inter alia, a claim of racial discrimination in violation of 42 U.S.C. § 1981.[2]  Plaintiffs'

---

[1]Plaintiffs filed their first complaint in January 2000, but dismissed it by consent motion in September 2000.

[2]In addition to § 1981 claims, plaintiffs' complaint also asserted Title VII claims of racial discrimination and retaliation and a state law claim of negligence.  The district court's dismissal

2

complaint alleged in general terms that similarly situated white employees were paid at a higher rate and were afforded better working conditions and privileges.

## A.  Oil Dri's Motion for Summary Judgment

Oil Dri filed a motion for partial summary judgment, arguing that plaintiffs' § 1981 claims arising prior to March 23, 1999 were barred by Georgia's two-year statute of limitations for personal injury actions. In opposition to Oil Dri's motion, plaintiffs submitted the same documents and affidavits submitted to the EEOC in 1997. Plaintiffs' response brief agreed that the two-year statute of limitations generally applied to § 1981 actions for money damages, but argued that the acts of discrimination they suffered were "tantamount to" a hostile work environment and constituted continuing violations. They also argued that their § 1981 claims for injunctive and declaratory relief were governed by Georgia's twenty-year statute of limitations for actions seeking to enforce statutory rights. The district court granted Oil Dri summary judgment on plaintiffs' § 1981 claims, finding that they involved discrete acts and thus plaintiffs' claims were barred by Georgia's two-year limitations period.

## B.  Plaintiffs' Motion to Alter or Amend

---

of the Title VII and state law claims is not challenged on appeal. In addition, the district court dismissed plaintiff Paula Hill's Title VII sex discrimination and Equal Pay Act claims. Hill is not a party to this appeal. Thus, we focus only on plaintiffs' § 1981 claims.

On May 7, 2004, plaintiffs filed a motion to alter or amend the judgment, arguing correctly that Oil Dri had not moved for summary judgment with regard to any § 1981 claims arising after March 23, 1999. In response, Oil Dri called to the district court's attention the newly decided opinion in Jones v. R. R. Donnelley & Sons Co., 541 U.S. 369, 124 S. Ct. 1836 (2004), in which the Supreme Court held that the four-year statute of limitations provided in 28 U.S.C. § 1658 applied to certain § 1981 claims. Oil Dri argued, however, that the district court's judgment should stand because plaintiffs had failed to produce evidence of any adverse employment actions occurring after March 23, 1997, and therefore plaintiffs' § 1981 action filed on March 23, 2001 was barred even under the new four-year limitations period of Jones. In their reply brief, plaintiffs argued for the first time that the four-year statute of limitations in 28 U.S.C. § 1658 should apply.

The district court granted in part plaintiffs' motion to alter or amend the judgment, recognizing that it should not have entered summary judgment sua sponte on plaintiffs' claims arising after March 23, 1999 without first giving proper notice. However, the district court denied plaintiffs' motion to alter the judgment to the extent plaintiffs sought to rely on the four-year statute of limitations in § 1658. The district court concluded that plaintiffs waived their right to assert the four-year limitations period by concurring in their initial summary judgment brief

that the two-year limitations period applied. The district court altered the judgment to reflect that the post-March 23, 1999 claims, if any, remained and directed Oil Dri to file any additional summary judgment motion within ten days.

**C.    Oil Dri's Renewed Motion for Summary Judgment**

Oil Dri moved for summary judgment as to plaintiffs' reinstated post-March 23, 1999 claims. Plaintiffs responded, attaching documents originally filed in their 1997 EEOC proceedings as well as the EEOC's 1998 determinations. Among the EEOC documents were affidavits filed by each plaintiff with the EEOC and two unsworn statements of other Oil Dri employees. Oil Dri moved to strike (1) the unsworn statements; (2) the EEOC's determinations; and (3) portions of each plaintiff's EEOC affidavit, arguing that they contained conclusory allegations, unsupported opinions and inadmissible hearsay.

The district court granted Oil Dri's motions to strike the unsworn statements and the EEOC's 1998 determinations and granted in part Oil Dri's motions to strike portions of each plaintiff's EEOC affidavit. The district court also granted Oil Dri summary judgment on the remaining § 1981 claims, concluding that plaintiffs had failed to establish a prima facie case of racial discrimination. Specifically, the district court concluded that plaintiffs had failed to present admissible evidence that they suffered adverse employment actions or that

similarly situated white employees were treated more favorably. The district court then entered final judgment in favor of Oil Dri. This appeal followed.

## II. DISCUSSION

**A.  Motion to Alter or Amend the Judgment**

On appeal, plaintiffs argue that the district court abused its discretion in denying their motion to alter or amend the judgment as it related to the four-year statute of limitations. We disagree.

Federal Rule of Civil Procedure 59(e) permits a district court to alter or amend a judgment after it has been entered. Fed. R. Civ. P. 59(e).[3] Rule 59 motions "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). The denial of a Rule 59 motion raising new arguments is "especially soundly exercised when the party has failed to articulate any reason for the failure to raise [an] issue at an earlier stage in the litigation." Id. (quoting Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990)).

Prior to 1990, federal courts applied the most analogous state statute of limitations to § 1981 claims. See Goodman v. Lukens Steel Co., 482 U.S. 656,

---

[3]"The decision to alter or amend a judgment is committed to the sound discretion of the district court," and we "will not overturn a denial of a Rule 59 motion absent abuse of discretion." O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992).

660-61 (1987). However, in 1990 Congress enacted 28 U.S.C. § 1658(a), which created a "catch-all" four-year limitations period for federal claims created after that date. See 28 U.S.C. § 1658. One year later, in the Civil Rights Act of 1991, Congress amended § 1981 to include claims of discrimination in terms and conditions of employment. See 42 U.S.C. § 1981.

When Oil Dri's summary judgment motion was filed in September 2003, the circuits were split on whether § 1658's limitation period applied to § 1981 claims. Three circuits (the Third, Seventh and Eighth) had held that it did not, but two circuits (the Sixth and Tenth) had reached a contrary conclusion. Compare Jones v. R. R. Donnelley & Sons Co., 305 F.3d 717 (7th Cir. 2002); Madison v. IBP, Inc., 257 F.3d 780 (8th Cir. 2001) and Zubi v. AT&T Corp., 219 F.3d 220 (3d Cir. 2000) with Anthony v. BTR Auto. Sealing Sys., Inc., 339 F.3d 506 (6th Cir. 2003) and Harris v. Allstate Ins. Co., 300 F.3d 1183 (10th Cir. 2002).

Additionally, this circuit had not yet addressed the applicability of § 1658. See, e.g., Taylor v. Ala. Intertribal Council Title IV J.T.P.A., 261 F.3d 1032, 1034 & n.2 (11th Cir. 2001) (acknowledging the issue of § 1658's applicability to § 1981 claims, but declining to address it). Furthermore, by the time summary judgment briefing began in the fall of 2003, the Supreme Court had already granted certiorari on May 19, 2003 to review the Seventh Circuit's decision in Jones. See Jones v. R.

7

R. Donnelly & Sons Co., 538 U.S. 1030, 123 S. Ct. 2074 (2003).

Under these circumstances, plaintiffs could have and should have raised the applicability of § 1658's four-year limitations period in response to Oil Dri's summary judgment motion. Indeed plaintiffs' Rule 59 opening brief did not raise the § 1658 issue even though the Supreme Court had ruled three days earlier in Jones that § 1658's four-year limitations period applied to some § 1981 claims, including newly cognizable § 1981 claims created by the Civil Rights Act of 1991. 541 U.S. at 377-83, 124 S. Ct. at 1842-45. Accordingly, the district court did not abuse its discretion in refusing to consider the § 1658 four-year limitations issue raised for the first time in plaintiffs' reply brief in support of the Rule 59 motion.

## B.    Evidentiary Rulings

Plaintiffs also argue that the district court erred in striking portions of their EEOC affidavits and the EEOC's determinations.[4] We review for abuse of discretion a district court's evidentiary rulings. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1259 (11th Cir. 2004). Plaintiffs have not shown that the district court abused its discretion in excluding this evidence.

EEOC determinations generally are admissible in bench trials under Federal

---

[4]On appeal, plaintiffs do not challenge the district court's ruling striking unsworn statements of other Oil Dri employees submitted to the EEOC.

Rule of Evidence 803(8)(C)'s public records exception to the hearsay rule.  Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1554 (11th Cir. 1995).  However, "public records, otherwise admissible under Rule 803(8)(C), may nonetheless be excluded in whole or in part if the trial court finds that they are either irrelevant or more prejudicial than probative."  Hines v. Brandon Steel Decks, Inc., 886 F.2d 299, 302 (11th Cir. 1989).  Here the district court excluded the 1998 EEOC determinations as irrelevant because they related only to incidents occurring well before March 23, 1999 and thus did not pertain to the claims at issue on summary judgment.  Given that plaintiffs' pre-March 23, 1999 claims are time-barred, we cannot say that the district court abused its discretion in striking the 1998 EEOC determinations.

The district court also struck portions of each plaintiff's EEOC affidavit for failure to comply with Federal Rule of Civil Procedure 56(e).  Rule 56(e) requires affidavits, supporting or opposing summary judgment, to be made on personal knowledge and to set forth facts that would be admissible evidence.  Fed. R. Civ. P. 56(e).  In a thorough order, the district court separately considered each challenged averment or attachment and gave specific reasons for its ruling with regard to its admissibility.

On appeal, plaintiffs do not take issue with any of the district court's rulings

9

with regard to particular averments. Indeed, plaintiffs merely state in one sentence, unsupported by citation to legal authority, that the district court should have weighed the affidavits in light of the summary judgment standard and determined whether they raised a genuine issue of material fact.[5] Such a perfunctory statement is insufficient to challenge the district court's carefully considered individual evidentiary rulings. See Doe v. Moore, 410 F.3d 1337, 1349 n.10 (11th Cir. 2005) (explaining that an appellate brief must not only state contentions, but must also give reasons for them, with citations to authority and to the record, to preserve an issue on appeal); Flanigan's Enters., Inc. of Ga. v. Fulton County, 242 F.3d 976, 987 n.16 (11th Cir. 2000) (explaining that the failure to elaborate upon an issue raised in an appellate brief or to provide citation of authority in support results in a waiver of that argument); Fed. R. App. P. 28(a)(9).

## C. Section 1981 Claims Arising After March 23, 1999

Finally, plaintiffs challenge the district court's grant of summary judgment in favor of Oil Dri on their claims that were not barred by the two-year statute of

---

[5]In contrast, plaintiffs devote several pages of their appeal brief to rejecting Oil Dri's argument made in the district court that plaintiffs' EEOC affidavits should be struck because they were not produced during discovery. However, this argument was not the basis for the district court's decision to strike portions of plaintiffs' affidavits.

Plaintiffs also challenge the district court's decision to strike several letters that had been submitted to the EEOC in support of plaintiffs' 1997 charges of discrimination. Plaintiffs argue that these letters were offered as evidence of pretext and are therefore relevant. However, the district court excluded these letters, not on relevance grounds, but on grounds that they "were replete with hearsay and conclusory, factually unsupported statements."

limitations. Using the now-familiar McDonnell Douglas framework to evaluate circumstantial evidence cases,[6] the district court concluded that plaintiffs failed to make out a prima facie case of discrimination with regard to these claims. To establish a prima facie case of disparate treatment under § 1981, plaintiffs were required to show that: (1) they were members of a protected class; (2) they were subjected to adverse employment actions; (3) similarly situated employees who were not members of their protected class were treated more favorably; and (4) plaintiffs were qualified for the job or job benefits they were denied. Gillis v. Ga. Dep't of Corr., 400 F.3d 883, 887 (11th Cir. 2005).

Here, the district court concluded that plaintiffs failed to present admissible evidence of any adverse employment actions or of similarly situated white employees who were treated more favorably. We agree. Plaintiffs' only evidence of adverse employment actions or white comparators was the vague and conclusory statements contained in the portions of their EEOC affidavits struck by the district court. As we have already discussed, the district court did not abuse its discretion in striking this material from the record.

Furthermore, even if these affidavits had been considered, Oil Dri still would have been entitled to summary judgment. A plaintiff cannot defeat summary

---

[6]McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).

judgment by relying upon conclusory allegations of discrimination. See Holifield v. Reno, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997). To survive summary judgment, opposing affidavits must set forth specific facts showing that there is an issue for trial. See Fed. R. Civ. P. 56(e); Leigh v. Warner Bros., 212 F.3d 1210, 1217 (11th Cir. 2000). Plaintiffs' EEOC affidavits were too conclusory and lacking in specific facts to create genuine issues of material fact as to whether they suffered adverse employment actions or whether white employees were similarly situated. See Leigh, 212 F.3d at 1217 (stating that unsupported conclusory statements have no probative value in opposing summary judgment). Because plaintiffs failed to make out a prima facie case, the district court properly entered summary judgment on their claims arising after March 23, 1999.

### III. CONCLUSION

For these reasons, we affirm the district court's grant of summary judgment in favor of Oil Dri on plaintiffs' § 1981 claims, the district court's evidentiary rulings and the district court's denial of plaintiffs' motion to alter or amend the judgment.

**AFFIRMED.**