[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10364
_____

D.C. Docket No. 8:09-cv-01973-EAK-EAJ


GEOVERA SPECIALTY INSURANCE COMPANY,
a foreign corporation,
a.k.a. USF&G Specialty Insurance Corporation,

Plaintiff - Counter
Defendant - Appellee,

versus

CHRISTOPHER X. HUTCHINS,
individually,
ANTHONY FRACCALVIERI,
individually, and as the co-personal representative
of the estate of Jessica Leigh Fraccalvieri, deceased,
ZULEMA RODRIGUEZ, individually, and as the co-personal
representative of the estate of Jessica Leigh Fraccalvieri,
deceased,

Defendants - Counter
Claimants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(January 24, 2013)

Before WILSON and COX, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

On the evening of February 1, 2006, and continuing into the early morning hours of February 2, 2006, Christopher X. Hutchins and Jessica Leigh Fraccalvieri were with a group of friends at a club in Hudson, Florida. While inside the club, Hutchins and Jessica interacted in a cordial manner and were seen talking, joking, and hugging. At or around closing, the group left the club and went to the parking lot, where Jessica and two friends got into her car (with Jessica behind the wheel) and started to drive away. Hutchins, meanwhile, went to his car, retrieved a 9 mm handgun that he had recently purchased, and walked towards Jessica's car. As he approached, she stopped her vehicle to talk with him. He reached his hand through her partially-rolled down window and pressed the gun up against her neck. Jessica reportedly told him she was not scared and "you're not going to shoot me," but she

_____

[*] Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

2

also told him "Get that thing away." The gun discharged and the bullet entered her neck, killing her. Hutchins has maintained that he was only "showing off" his new gun and that he did not intend to shoot her. He has testified that he thought the gun might be loaded, but he was not sure if there was a bullet in the chamber. He later pleaded guilty to manslaughter and was sentenced to 15 years incarceration.

Anthony Fraccalvieri and Zulema Rodriguez, as co-personal representatives of Jessica's estate, brought a wrongful death action against Hutchins in state court. The complaint asserted negligence and alleged that Hutchins "placed the handgun to [Jessica's] neck and pulled the trigger." Geovera Specialty Insurance Company had issued a homeowner's insurance policy to Hutchins' grandmother, with whom he was living at the time of the shooting, and he qualified as an insured thereunder. The policy provided personal liability coverage (defense and indemnification) for any claim or suit against an insured for damages because of an "occurrence." The policy expressly excluded "assault or battery" from the definition of "occurrence." Geovera thereafter brought this federal declaratory judgment action on diversity grounds against Fraccalvieri, Rodriguez, and Hutchins[1], seeking a declaration that the policy did not afford coverage for defense or indemnification in the wrongful

---

[1] During the pendency of this litigation, Hutchins filed for bankruptcy protection and the trustee of his bankruptcy estate, Christine L. Herendeen, was substituted as the proper party.

3

death case.[2]

On cross motions for summary judgment, the district court ruled in favor of Geovera and concluded that the insurer had no duty to defend the wrongful death action. Under Florida law, the insured's duty to defend is governed by the terms of the insurance policy and the allegations of the complaint. The court held that, even if Hutchins did not intend to shoot Jessica, his pressing the gun against her neck (as alleged in the wrongful death complaint) was "harmful or offensive contact" made with the intent to cause the contact itself, which constituted a battery under Florida law and thus fell within the assault or battery exclusion. The court further held that, because the duty to defend is broader than the duty to indemnify, there was no duty to indemnify as a matter of law. The defendants-appellants appeal, arguing that (1) Geovera owed a duty to defend because the wrongful death complaint alleged only negligence, and (2) there was a disputed issue of fact concerning whether Hutchins committed a battery for purposes of the duty to indemnify.

We review a grant of summary judgment de novo, considering the evidence in the light most favorable to the non-movant. Iberiabank v. Beneva 41-I, LLC, 701 F.3d 916, 921 (11th Cir. 2012). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[2] Geovera defended its insured under a reservation of rights through the wrongful death trial, which resulted in a jury verdict of over $4.5 million against Hutchins.

4

affidavits, if any, establish that there is no genuine disputed issue as to the material facts and the movant is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

After thorough review of the record and careful consideration of the parties' briefs, and with the benefit of oral argument, we affirm. The dispositive question in this case is whether intentionally pressing the gun against Jessica's neck was an assault <u>or</u> battery, regardless of whether Hutchins intended the harm that flowed from the contact. If it was either or both, the assault or battery exclusion would apply and there could be no coverage under the policy. The district court thoroughly analyzed the facts and we agree with the court's well-reasoned conclusion that what Hutchins was alleged to have done in the wrongful death complaint constituted battery. <u>Geovera Specialty Ins. Co. v. Hutchins</u>, 831 F. Supp. 2d 1306 (M.D. Fla. 2011). We affirm on that basis. The fact that the complaint attempted to portray the intentional contact as "negligence" does not alter the outcome because, as the district court explained:

> A duty to defend cannot be triggered merely by labeling an intentional act "negligent." Where the facts alleged establish intentional conduct, but the claim asserts negligence, the negligence label should be disregarded. A wolf dressed in a sheep's clothing may present a clever disguise; however, a wolf is still a wolf. As Plaintiff has no duty to defend, Plaintiff cannot have a duty to indemnify.

5

Id. at 1313 (internal citations omitted). Therefore, summary judgment was properly granted in favor of Geovera.

**AFFIRMED.**