[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10996
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-01182-TJC-MCR

AUTO-OWNERS INSURANCE COMPANY,

Plaintiff-Appellee,

versus

ELITE HOMES, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 23, 2017)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Elite Homes, Inc. appeals the district court's grant of summary judgment in favor of Auto-Owners Insurance Company, arguing that Auto-Owners has a duty to defend it in an underlying state court action.  After review of the record and consideration of the parties' briefs, we affirm.

**I**

We first review the underlying litigation that gave rise to Elite Homes' claim for a defense, and then set out the terms of the relevant policy.

**A**

On March 21, 2007, Joseph and Emily Crozier entered into a written contract with Elite Homes for the construction of a single-family residence. Shortly after construction was completed in June of 2008, the Croziers began experiencing problems due to water intrusion from the property's windows.  Elite Homes made several repairs over the subsequent years, but they proved to be ineffective.  Around January of 2014, the Croziers obtained inspection and testing reports which revealed elevated levels of toxic mold and opined that construction and installation defects caused the active water intrusion.  In compliance with Chapter 558 of the Florida Statutes, the Croziers gave Elite Homes notice and a final opportunity to cure the problems with the property.  The Croziers were not satisfied with Elite Homes' proposed plan to remedy the problem, and sued Elite Homes in state circuit court, asserting claims for breach of contract and negligence.

2

Elite Homes then notified its insurer, Auto-Owners, of the Croziers' lawsuit, which remains pending. *See Croziers v. Elite Homes, Inc.*, Case No. 16-2014-CA-003913 (Fla. Duval Cir. Ct. 2014).

**B**

Auto-Owners issued a Commercial General Liability Policy to Elite Homes on October 15, 2007. The policy provides the following coverage for "[p]roperty damage":

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

D.E. 1-2 at 3. "Property damage" is defined as:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

*Id*. at 22. The policy excludes from coverage damage to "[y]our work," *id*. at 8, which is defined as:

> (1) Work or operations performed by you or on your behalf; and
>
> (2) Materials, parts or equipment furnished in connection with such work or operations.

*Id*. at 23. "Your work" includes:

3

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

(2) The providing of or failure to provide warnings or instructions.

*Id*.

## II

After being notified of the Croziers' lawsuit, Auto-Owners defended Elite Homes under a reservation of rights.  On September 29, 2014, Auto-Owners filed this federal action seeking a declaratory judgment that it did not have a duty to defend or a duty to indemnify Elite Homes in the Croziers' lawsuit.[1] Auto-Owners contended that Elite Homes' policy did not cover the damages claimed by the Croziers.  Auto-Owners and Elite Homes filed cross-motions for summary judgment.

The district court granted Auto-Owners' motion for summary judgment. The district court stated that, based on the agreement of Elite Homes and Auto-Owners at oral argument, the sole issue before it was whether the Amended Complaint in the underlying action sufficiently alleged damage to "other property" so that the claims would not be barred by the policy's "Damages To Your Work"

---

[1] By agreement of the parties, these two issues were bifurcated, and the duty to indemnify portion of the case was abated pending the outcome of the underlying case.  The duty to defend is "separate and apart from the duty to indemnify and the insurer may be required to defend a suit even if the later true facts show there is no coverage." *Trizec Props., Inc. v. Biltmore Constr. Co., Inc.*, 767 F.2d 810, 812 (11th Cir. 1985).  As such, an insurer's duty to defend is "of greater breadth than the insurer's duty to indemnify." *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 443 (Fla. 2005).

4

exclusion.  Auto-Owners' position was that the damages alleged in the underlying action fell solely within the policy's exclusion provisions.  Elite Homes' position was that the allegations in the Croziers' amended complaint sufficiently alleged damages that were covered under the policy, thereby requiring Auto-Owners to provide a defense.

The district court reviewed three allegations in the amended complaint with respect to damage: there was "extensive damage to other property includ[ing] the frame subsurface, sheathing, insulation, drywall, and interior finishes," D.E. 16 at 24, ¶ 14; there was "damage to interior portions of the home," *id*. at 28, ¶ 32; and there was "damage to other property including, but not limited to, exterior wood framing, wood substrate, vapor barriers, insulation, drywall, and interior finishes," *id*. at 28, ¶ 33.  The district court reasoned that, to the extent the damage in the underlying action was to the structure of the property and Elite Homes' defective work, such damage was excluded under the "Damages To Your Work" provision of the policy.  Further, the district court stated that "conclusory buzz words" and inferences were insufficient to bring the allegations of damage within coverage since even under the "most liberal and broadest of readings" of the underlying amended complaint, it did not contain allegations of damage to personal property or property other than the home itself.

5

The district court concluded that the allegations of damage in the underlying action related only to the structure of the property itself, which both Auto-Owners and Elite Homes conceded were excluded under the policy.   Accordingly, the district court held that Auto-Owners had no duty to defend Elite Homes in the Croziers' action.  Elite Homes now appeals.

### III

We review a district court's grant of summary judgment *de novo*.  *See State Farm Fire and Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  *See Thrasher v. State Farm Fire & Cas. Co.*, 734 F.2d 637, 638 (11th Cir. 1984).  The parties agree that Florida law governs.

### A

We determine whether Auto-Owners has a duty to defend Elite Homes in the underlying action by looking only at the allegations in the Croziers' amended complaint.  *See, e.g.*, *Jones*, 908 So. 2d at 443.  The duty to defend an entire action arises when the underlying complaint alleges "facts that *fairly and potentially* bring the suit within policy coverage."  *Id*. at 442–43 (emphasis added).  Further, if "the complaint alleges facts partially within and partially outside the scope of coverage, the insurer is obligated to defend the entire suit."  *Trizec Props., Inc.*, 767 F.2d at

6

811–12.  Any doubts about whether the duty to defend is triggered are resolved in favor of the insured.  *Jones*, 908 So. 2d at 443.

An insurer has no duty to defend if the complaint shows the applicability of a policy exclusion.  *See Keen v. Fla. Sheriffs' Self-Insurance Fund*, 962 So. 2d 1021, 1024 (Fla. 4th DCA 2007) (ruling that insurer had no duty to defend because allegations in the complaint fell within the policy exclusion).  Thus, "[t]he allegations within the complaint must state a cause of action that seeks recovery for the type of damages covered by the insurance policy in question."  *State Farm Fire & Cas. Co. v. Tippett*, 864 So. 2d 31, 35–36 (Fla. 4th DCA 2003).  Conclusory "buzz words," like allegations that fail to allege any underlying facts that create a duty to defend, are insufficient.  *See Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc.*, 771 So. 2d 579, 582 (Fla. 4th DCA 2000) (holding that use of buzz words were insufficient to trigger coverage); *Steinberg*, 393 F.3d at 1230 ("Conclusory buzz words unsupported by factual allegations are not sufficient to trigger coverage.") (internal quotation marks omitted).

## B

The parties agree that Elite Homes' own work is excluded under the "Damages To Your Work" exclusion.  *See* Appellant's Br. at 7 ("[T]he [u]nderlying [c]omplaint need only fairly and potentially, not specifically, allege the existence of damage to property *other than that included within Elite Homes'*

7

*scope of work*."); Appellee's Br. at 13 ("There is no dispute that repairs to the entirety of the Croziers' home itself . . . are damage to general contractor Elite Homes' 'work,' and therefore, excluded from coverage.") (emphasis added).  This is consistent with how courts in Florida have interpreted similar "Damage to Your Work" provisions.  *See Nova Cas. Co. v. Willis*, 39 So. 3d 434, 437 (Fla. 3d DCA 2010) (affirming lower court's determination that "your work" exclusion applied to work completed on private owner's property but did not apply to work incorrectly performed on state property); *Aetna Cas. & Sur. Co. of Am. v. Deluxe Sys., Inc. of Fla.*, 711 So. 2d 1293, 1297 (Fla. 4th DCA 1998) (concluding that purchase and installation of replacement shelving components fell within "your work" exclusion); *Miranda Const. Dev., Inc. v. Mid-Continent Cas. Co.*, 763 F. Supp. 2d 1336, 1340 (S.D. Fla. 2010) (holding that claim was barred by "your work" exclusion because underlying complaint only alleged damage to owner's home).

The parties' sole disagreement concerns whether the amended complaint sufficiently alleged damages beyond the "Damages To Your Work" exclusion.  Specifically, the dispute is about whether the following allegations are sufficient to allege damage beyond Elite Homes' work: "extensive damage to other property includ[ing] the frame subsurface, sheathing, insulation, drywall, and interior

finishes," D.E. 16 at 24, ¶ 14, and "damage to interior portions of the home." *Id.* at 28, ¶ 32.[2]

Elite Homes contends that the use of those phrases sufficiently implicates damages to "other property" that are outside of Elite Homes' own work. We disagree. A fair reading of the allegations of the Croziers' amended complaint leads us to conclude that Auto-Owners does not have a duty to defend Elite Homes in the underlying action.[3] The district court correctly concluded that the amended complaint contains no factual allegations of damage to property other than the work performed by Elite Homes, and that the use of conclusory phrases such as "other property" is insufficient.

Elite Homes also argues that the district court's holding essentially requires the underlying complaint to specifically identify particular property damage to trigger Auto-Owners' duty to defend and that this level of specificity is unnecessary. Although we agree that such a level of specificity is not required under Florida law, in this case the language in the amended complaint is too vague for us to assume that the Croziers alleged anything other than damages to the

---

[2] In the summary judgment proceedings below, the parties referred to a third provision, D.E. 16 at 28, ¶ 33, in their briefs. The district court in turn relied on all three provisions when it granted Auto-Owners' motion for summary judgment. On appeal, however, Elite Homes only relies on two provisions.

[3] Although the Croziers amended their complaint during the pendency of this case in the district court, the damages allegations were not amended.

9

home, and therefore Elite Homes' own work.  As a result, the damage alleged falls squarely within the "Damage to Your Work" exclusion.

## IV

For the foregoing reasons, we hold that Auto-Owners has no duty to defend Elite Homes in the underlying action, and affirm the district court's grant of summary judgment in favor of Auto-Owners.

**AFFIRMED.**