Charlene Edwards Honeywell, United States District Judge
This matter comes before the Court upon the Plaintiff's Amended Motion for Summary Judgment (the "Motion") (Doc. 44), Defendants' response in opposition (Doc. 47), and the Stipulation of Agreed Facts Pursuant to Local Rule 4.15 and Case Management and Scheduling Order (the "Stipulation") (Doc. 46). In the Motion, Plaintiff states it has no duty to defend or indemnify its insured, Ashland 2 Partners, LLC, in Demetra Asberry's underlying tort action because the assault and battery exclusion applies under these facts. The Court, having considered the Motion, Stipulation, complaint in the underlying action, policy at issue, and being fully advised in the premises will grant Plaintiff's Amended Motion for Summary Judgment.
I. BACKGROUND AND STATEMENT OF FACTS[1]
Plaintiff, AIX Specialty Insurance Company ("AIX"), insured Defendant Ashland 2 Partners, LLC, ("Ashland") under a surplus commercial general liability policy numbered L1J-A582378-02 with effective dates March 13, 2017, through March 13, 2018, (the "Policy"). Doc. 46-1. Ashland operated a business called "The Hall" at 1330 U.S. Highway 301 N, Palmetto, Florida. Doc. 46 at ¶ 3. The Policy provided coverage for occurrences at the address that corresponds to The Hall's location. See Doc. 46-1 at 6. AIX is providing Ashland a defense in Asberry's underlying tort action subject to a reservation of rights. Doc. 46 at ¶ 7.
Plaintiff seeks a declaration that it has no duty to defend or indemnify Ashland against Asberry's lawsuit regarding an incident that occurred at The Hall Doc. 1. It requests a determination of no coverage under the Policy based on the "Assault and Battery and Other Physical Altercation" exclusion.
In the underlying litigation, Case No. 2017-CA-3469 pending before the 12th Judicial Circuit in and for Manatee County, Florida, Asberry alleges the following. On June 10, 2017, she was an invitee of a nightclub called "The Hall." Doc. 44-2 at ¶ 7. Ashland's employee/agent/servant, "John Doe," negligently handled her by grabbing her and knocking her to the floor. Id. Asberry sustained personal injuries. Id. at ¶ 8. Ashland is vicariously liable for John Doe's negligence and directly liable for its negligent supervision of its employee. Id. at ¶¶ 10, 14.
In her deposition, Asberry stated that while she was on the stage waiting for a music performer to arrive, "TJ, the bouncer"
*1337 walked around and asked everyone to step back. The crowd stepped back, but he returned and asked them to step back more. She showed him her VIP badge to indicate that she could be on the stage. He told her "Fuck your badge," and "out of nowhere" grabbed her by wrapping both arms around her in a "bear hug." They fell off the stage and he landed on top of her. Doc. 44-3 at 36:4-18, 43:5-44:2. The grab and fall resulted in scratches on her side in the rib area. Id. at 49:1-25.
Asberry contests the application of the "Assault, Battery, or Other Altercation" exclusion. She argues that the evidence does not establish that the person who grabbed her intended to cause a fall from the stage; only that he negligently mishandled her. Thus, she argues, the Court cannot find as a matter of law that the exclusion applies under these facts.
II. LEGAL STANDARD
Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) ; Celotex Corp. v. Catrett , 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. Celotex , 477 U.S. at 323, 106 S.Ct. 2548 ; Hickson Corp. v. N. Crossarm Co. , 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court there is "an absence of evidence to support the nonmoving party's case." Celotex , 477 U.S. at 325, 106 S.Ct. 2548.
When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing there is a genuine issue of material fact. Id. at 324, 106 S.Ct. 2548. Issues of fact are "genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party," and a fact is "material" if it may affect the outcome under governing law. Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. Celotex , 477 U.S. at 323, 106 S.Ct. 2548. However, a party cannot defeat summary judgment by relying upon conclusory allegations. See Hill v. Oil Dri Corp. of Ga. , 198 Fed. Appx. 852, 858 (11th Cir. 2006).
III. DISCUSSION
In this diversity case, the substantive law of the forum state, Florida, applies. Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. , 412 F.3d 1224, 1227 (11th Cir. 2005). A declaratory judgment is an appropriate method for the court to determine coverage issues, including the duty to defend and indemnify. Higgins v. State Farm Fire & Cas. Co. , 894 So. 2d 5, 9 (Fla. 2004). Under Florida law, the interpretation of an insurance contract is a matter of law to be decided by the court. Gulf Tampa Drydock Co. v. Great Atl. Ins. Co. , 757 F.2d 1172, 1174 (11th Cir. 1985) (citing Smith v. State Farm Mut. Auto. Ins. Co. , 231 So. 2d 193, 194 (Fla. 1970) ).
a. Duty to Defend
The duty to defend is generally determined from the allegations of the underlying suit. Stephens v. Mid-Continent Cas. Co. , 749 F.3d 1318 (11th Cir. 2014) ; Meridian Constr. & Dev., LLC v. Admiral Ins. Co. , 105 F.Supp. 3d 1331, 1338 (M.D. Fla. 2013). The underlying suit triggers a *1338 duty when its allegations assert facts that could bring the injury within the policy's coverage. State Farm Fire & Cas. Co. v. Steinberg , 393 F.3d 1226, 1230 (11th Cir. 2004). A duty to defend the entire suit arises even if the complaint alleges facts "partially within and partially outside the scope of coverage." Auto-Owners Ins. Co. v. Elite Homes, Inc. , 676 Fed. Appx. 951, 954 (11th Cir. 2017) (citation omitted); Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co. , 657 F.3d 1135, 1141-42 (11th Cir. 2011).
There is no duty to defend if there is no doubt that the allegations of the underlying suit do not fall within the policy's coverage. Lawyers Title Ins. Corp. v. JDC (Am.) Corp. , 52 F.3d 1575, 1580-81 (11th Cir. 1995). The burden of demonstrating that the allegations of the underlying suit are "cast solely and entirely within the policy exclusion" rests with the insurer. Hartford Accident and Indem. Co. v. Beaver , 466 F.3d 1289, 1296 (11th Cir. 2006) (quotation omitted).
The duty to defend is broader than the duty to indemnify because the duty to indemnify is determined by the actual underlying facts as opposed to the allegations. Jones v. Fla. Ins. Guar. Ass'n, Inc. , 908 So. 2d 435, 442-43 (Fla. 2005). If the Court finds no duty to defend, then no duty to indemnify exists.
b. The "Assault, Battery or Other Altercation" Exclusion
The Court looks to the "eight corners" of the underlying suit and policy to assess whether they trigger Plaintiff's duty to defend. "[T]he trial court is restricted to the allegations of the [underlying] complaint, regardless of what the defendant and others say actually happened." Marr Inv., Inc. v. Greco , 621 So. 2d 447, 449 (Fla. 4th DCA 1993) (citation omitted).
Here, the Policy's exclusion provides:
This insurance does not apply to:
...
Assault, Battery or Other Physical Alteration
"Bodily injury" or "property damage" or "personal and advertising injury" arising out of any:
(1) Assault or battery committed or attempted by any person; or
(2) Attempt by any person to avoid, prevent, suppress or halt any actual or threatened "assault" or "battery"; or
(3) Actual or threatened verbal or physical confrontation or altercation committed or attempted by any person, or any attempt by any person to avoid, prevent, suppress or halt any actual or threatened verbal or physical confrontation or altercation.
This exclusion applies to all acts or omissions and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence , gross negligence, recklessness or intentional tort and shall not be subject to any severability or separation of insureds provision in the policy.
Doc. 44-1 at 21 (emphasis added).
The Policy does not define the terms assault or battery, which is typical. See Evanston Ins. Co. v. S & Q Prop. Inv., LLC , 2012 WL 4855537, at *2 (M.D. Fla. 2012). But "[t]he mere failure to provide a definition of a term involving coverage does not render the term ambiguous." Those Certain Underwriters at Lloyd's London v. Karma Korner, LLC , 2011 WL 1150466, at *2 (M.D. Fla. 2011) (citation omitted). When the policy does not define a term, the plain and generally accepted meaning should be applied. Evanston , 2012 WL 4855537, at *2 (citation omitted); Karma Korner , 2011 WL 1150466, at *2.
Under Florida law, assault is "an intentional, unlawful threat by word or act to do violence to the person of another coupled with an apparent ability to do so, and doing some act which creates a well *1339 founded fear of such violence being done." Fla. Stat. § 784.011 ; State v. Wilson , 276 So. 2d 45, 46 (Fla. 1973) (internal quotation marks omitted). The required intent is to do the act, not the intent to do violence to the victim. Cambell v. State, 37 So. 3d 948, 950 (Fla. 5th DCA 2010). And under civil assault, "[t]he element of intent ... does not necessarily involve the subjective intent to do harm." Geovera Specialty Ins. Co. v. Hutchins , 831 F.Supp. 2d 1306, 1312 (M.D. Fla. 2011) aff'd , 504 Fed. Appx. 851 (11th Cir. 2013) (citing Spivey v. Battaglia , 258 So. 2d 815 (Fla. 1972) ).
The criminal definition of battery in Florida is when someone either "1. [a]ctually and intentionally touches or strikes another person against the will of the other; or 2. [i]ntentionally causes bodily harm to another person." Fla. Stat.§ 784.03(1)(a). Under Florida civil law, battery "consists of the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent." Evanston , 2012 WL 4855537, at *2 (citing Quilling v. Price , 894 So. 2d 1061, 1063 (Fla. 5th DCA 2005) ); Founders Ins. Co. v. Cortes-Garcia , 2012 WL 2505917, at *6 (M.D. Fla. 2012) (same); Geovera Specialty Ins. Co. , 831 F.Supp. 2d at 1312 (same); Karma Korner, LLC , 2011 WL 1150466, at *3 (same).
The Policy's language is broad. It does not cover bodily injury "arising out of" any assault or battery. Doc. 44-1 at 21. Florida law generally considers the term "arising out of" unambiguous. See Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co. , 913 So. 2d 528, 539 (Fla. 2005). "Arising out of" has a broader meaning than "caused by". Florida courts interpret it to mean " 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to,' or 'having a connection with.' " Id. (quotation omitted). Proximate cause is not required; instead, the term refers to "some causal connection, or relationship" beyond "mere coincidence." Id. at 539-40. Thus, "arising out of" means something broader than pure causation. Burlington Ins. Co., Inc. v. Normandy Gen. Partners , 560 Fed. Appx. 844, 848 (11th Cir. 2014).
Florida courts generally find no coverage under an assault and battery exclusion where the alleged negligence arose from the assault and battery. See, e.g., Founders , 2012 WL 2505917, at *6. Florida courts "hew closely to the language of the policy exclusions and determine the exclusions extend to negligence arising out of the assault and battery." Doe v. Hudson Specialty Ins. Co. , 16-24176-CIV, 2017 WL 979263, at *4 (S.D. Fla. Mar. 14, 2017), aff'd , 719 Fed. Appx. 951 (11th Cir. 2018) (citing Britamco Underwriter's, Inc. v. Zuma Corp. , 576 So. 2d 965, 965 (Fla. 5th DCA 1991) ).
As recently recognized, "[c]ases involving the interpretation of assault or battery exclusions are abundant and not necessarily easily reconciled." AIX Specialty Ins. Co. v. Sombreros, LLC , 8:17-CV-843-T-26TBM, 2018 WL 1635643, at *5 (M.D. Fla. Apr. 5, 2018) (discussing several cases interpreting assault and battery exclusions and concluding that the injuries alleged in the operative underlying claims did not fall within the assault and battery exclusions). The Court will address several cases, four of which AIX relies upon in its Motion.
In Founders , a person died from being hit with a chair while at a nightclub. His estate sued the nightclub which had a commercial liability policy. The insurer argued that it had no duty to defend or indemnify the nightclub under the assault and battery exclusion, among other reasons. The decedent's estate argued that he died from "an act of negligence," not an assault or battery. 2012 WL 2505917, at *6.
The court ultimately found the estate's argument unconvincing and reasoned that "[w]here the facts alleged establish intentional *1340 conduct, but the claim asserts negligence, the negligence label should be disregarded." Id. The underlying action alleged that the perpetrator "accidently threw" a chair in a room full of patrons and it hit the deceased in the head. The court concluded that the alleged facts demonstrated both an assault, because an objective reasonable person would be in apprehension of harmful contact, and a battery, because it could conclude from the alleged facts that the perpetrator intended to throw the chair and inflict harmful contact. Id. at *7. Ultimately, the deceased's death resulted from a bodily injury arising out of an assault or battery and fit squarely within the exclusion, despite the underlying suit's allegations of negligence.
In Burlington , a security guard became involved in an altercation with two individuals on the premises at an apartment complex; the guard ultimately stabbed and punched them. The two individuals sued the landlord and alleged numerous theories sounding in negligence, including negligent hiring and negligent supervision. The landlord's insurer argued that it had no duty to defend under the "assault, battery, or other physical altercation" exclusion because the negligence claims arose from what was clearly an assault and battery. 560 Fed. Appx. at 848. The court agreed and the Eleventh Circuit affirmed reasoning that all the claims in the underlying suits "arose out of" the assault and battery.
In Wilshire Ins. Co. v. Poinciana Grocer, Inc. , the complainant alleged he was legally on the insured's property when he was "attacked and brutally stabbed" by an assailant leaving the convenience store after purchasing a large amount of alcoholic beverages. 151 So. 3d 55, 56 (Fla. 5th DCA 2014). The victim alleged that the insured negligently maintained the premises in an unsafe condition; failed to warn and prevent an attack; and did not provide adequate security or safety. Under those allegations, the court held that the assault and battery exclusion clearly applied to bar coverage for these claims. Id.
In Geovera Specialty Ins. Co. , the assailant shot the deceased in her neck. The deceased's estate sued the insured, with whom the assailant lived. 831 F. Supp. 2d at 1309. The insured sought coverage from her insurance policy for the wrongful death suit. The policy had an assault and battery exclusion. The allegations in the underlying suit alleged that the assailant put the gun to the deceased's neck and pulled the trigger. Id. at 1312. But it also alleged that he had no knowledge that a bullet was in the barrel of the handgun. Id. The court concluded that it was clear that the assailant meant to batter the decedent, and the "presence of allegations that [he] did not intend to harm the decedent or to scare [her] do not create doubt." Id. at 1313. Thus, the court found the exclusion applied and the insurer had no duty to defend or indemnify.
AIX also notes that although the court in Sombreros found that the assault and battery exclusion did not apply, the facts differ. 2018 WL 1635643, at *5. In Sombreros , the plaintiff in the underlying suit alleged that she was injured when a gunshot went off and the patrons in The Hall trampled her. There, the court reasoned there were no allegations that the person wielding the gun intended to assault or make contact with anyone when the gun went off. Id. at *6. Thus, the court could not hold as a matter of law that the underlying suit fell within the assault and battery exclusion because the facts were not distinguishable from Colony Ins. Co. v. Barnes , 410 F.Supp. 2d 1137 (N.D. Fla. 2005), aff'd, 189 Fed. Appx. 941 (11th Cir. 2006).[2] But it ultimately held that the firearm *1341 exclusion barred coverage. AIX argues this reasoning does not apply here, because the bouncer clearly intended to make contact with Asberry, which she apparently concedes, when he "bear hugged" her.
c. The Policy Exclusion Applies and Bars Coverage
Here, AIX argues this case is similar to Founders, Burlington , Wilshire , and Geovera because the bouncer's act of grabbing Asberry without warning creates an inference of intent to make an offensive contact. This inference, it argues, is enough to constitute a battery and trigger the exclusion because Florida law requires no intent to harm, only an intent to make the unwanted contact. The Court agrees.
Asberry appears to concede that the grabbing was intentional. See Doc. 47 at 2 ("the 'bear hug' initiated by the employee of Ashland 2 Partners, LLC., may have been on purpose[.]"). But she argues that the Court would have to make a factual inference, which is within the jury's province, that the bouncer intended to fall off of the stage with her. She argues that although the underlying complaint alleges that the bouncer negligently handled her and they fell, there is no evidence he intended to fall off the stage and cause her harm. Id. Asberry also argues there is a genuine issue of material fact regarding the bouncer's intention. Id. at 5. Asberry's arguments are unavailing.
Here, AIX has met its burden to demonstrate that it is entitled to summary judgment as a matter of law on AIX's duty to defend the underlying suit. Drawing all reasonable inferences in Asberry's favor, the Court finds, as a matter of law, that the bouncer intended to make offensive contact with Asberry, thus constituting a battery under Florida law. See Harris v. Miami-Dade County Dept. of Corrections and Rehabs. , 160 Fed. Appx. 814, 816 (11th Cir. 2005) (testimony that officer grabbed plaintiff around the waist from behind, and that she and the officer fell to the ground and he remained on top of her while she was face down supported jury finding of battery). See also First Mercury Ins. Co. v. Sudderth , 620 Fed. Appx. 826, 829 (11th Cir. 2015) (holding that placing the victim in a "bearhug" and dragging her out the front door, while she was "kicking and flailing" was sufficient to conclude that the touching was a battery).[3]
The battery exclusion applies to this claim and AIX has no duty to defend Ashland in Asberry's underlying suit. Having no duty to defend, it also has no duty to indemnify.[4] Burlington Ins. Co. , 560 Fed. Appx. at 849 ("In sum, because Burlington had no duty to defend Normandy in the Appellants' action against Normandy, Burlington had no corresponding duty to indemnify.").
Thus, AIX is entitled to judgment in its favor.
Accordingly, it is ORDERED AND ADJUDGED :
1. Plaintiff's Amended Motion for Summary Judgment (Doc. 44) is GRANTED .
2. AIX has no duty to defend Ashland in Asberry's underlying suit. Likewise, *1342 AIX has no duty to indemnify Ashland in Asberry's underlying suit.
3. A declaratory judgment will be entered by separate Order.
DONE AND ORDERED in Tampa, Florida on April 19, 2019.

The Court has determined the facts based on the parties' submissions, including the Stipulation, complaint in the underlying action, and policy at issue.

In Barnes , the policy did not define assault and battery. The underlying complaint alleged that the deceased patron of a nightclub was hit by a "stray" bullet in the parking lot and died. The court reasoned that "the shooter may have discharged the gun intending not to make anyone apprehensive and intending not to hit anyone." Barnes , 189 Fed. Appx. at 943.

In Sudderth , the policy's endorsement defined battery as "a harmful or offensive contact between or among two or more persons." 620 Fed. Appx. at 828.

The Court need not address Asberry's claims regarding the evidence in the record, in particular her testimony at deposition or any alleged factual dispute. The duty to defend relies only on the "eight corners" of the underlying complaint and the policy at issue.